PATRICK S. HUGHES v. INSURANCE COMPANY OF NORTH AMERICA.

FILED MAY 15, 1894.   No. 5633.

1. **Insurance**: POLICY: CONDITIONS FORBIDDING OTHER INSURANCE: WAIVER. A fire insurance policy contained this clause: "That the having of other insurance thereon [the insured property], or any part thereof, valid or invalid, prior or subsequent, not made known to this company, and consented to hereon, will render this policy void." *Held*, (1) That the violation of this provision by the assured in procuring additional insurance on the property without the knowledge or consent of the first insurer did not render the policy issued by it void, but voidable at the election of said first insurer; (2) that the

provision was a reasonable one, not unconscionable, illegal, nor contrary to public policy; (3) that it was inserted in the insurance contract for the benefit of, and might be waived by, the insurer.

2. **Principal and Agent:** RATIFICATION: INSURANCE. The acceptance by a principal of the fruits of an unauthorized contract made by his agent is a ratification of such agent's conduct, and said ratification relates back to the date of the performance of the act ratified, and the principal is bound by the effects thereof, and the results flowing therefrom, as much so as if he had himself performed the act.

3. **Insurance:** OTHER INSURANCE: WAIVER: POLICY. Where it is stipulated in a contract of insurance that the insurer shall not be liable thereon, or that said insurance contract shall be void if, without the insurer's knowledge or consent, the insured shall procure additional insurance on the insured property, and the insured violates said insurance contract by so procuring additional insurance, then the first insurance contract is voidable at the election of the insurer, and such violation is a defense against the insured in a suit upon said first policy, unless it be shown that said violation of the first insurance contract was brought about through fraud or mistake, or has been waived by said first insurer.

4. ————: ADDITIONAL POLICIES. *German Ins. Co. v. Heiduk,* 30 Neb., 288, followed and reaffirmed.

ERROR from the district court of Holt county. Tried below before BARTOW, J.

See opinion for authorities upon the questions discussed.

*H. M. Uttley,* for plaintiff in error.

*Jacob Fawcett* and *F. M. Sturdevant, contra.*

RAGAN, C.

Patrick S. Hughes sued the Insurance Company of North America in the district court on a policy of fire insurance to recover the value of a building destroyed by fire owned by said Hughes and insured by said insurance company. At the close of the testimony the district court

directed a verdict for the defendant, upon which judgment was rendered, and Hughes brings the case here on error.

The policy sued upon contained this provision: "That the having of other insurance thereon [the property], or any part thereof, valid or invalid, prior or subsequent, not made known to this company and consented to hereon, will render this policy void." The policy sued on was issued on the 19th day of June, 188'1, and insured the property of Hughes for $800 until the 19th day of June, 1890. On the 4th day of July, 1889, Hughes procured another policy of insurance upon said property from the Phœnix Insurance Company of New York. This policy was also for $800 and insured the property for one year. The taking out of this second policy by Hughes was not consented to by the Insurance Company of North America, and not known to it until after the destruction by fire of the property insured in February, 1890. The defense made in the district court to this suit by the insurance company was the procuring on the insured property by Hughes of the second policy of insurance. The evidence establishes without dispute that Hughes procured the second insurance policy at the time and in the manner stated above. Is this violation by Hughes of said clause in the first insurance policy a defense for the insurance company in a suit upon the policy? We think it is. We do not think that Hughes' violation of this provision in the policy rendered the contract void, but simply voidable at the election of the insurance company. The provision is a reasonable one. It is not unconscionable nor illegal, nor is it contrary to public policy. It is a provision inserted in the policy for the benefit of the insurer and a provision which the insurance company may waive. It is designed as a check upon the disposition of the evil-minded to over-insure their property and destroy it. But where such a provision is violated by the insured it will furnish the insurance company, if it elects to avail itself of it, a complete de-

fense to a suit for a loss under the policy brought by the insured, unless it be shown that such violation of the policy on the part of the insured was brought about through fraud or mistake, or was waived by the insurance company after it became aware thereof. In *German Ins. Co. v. Heiduk*, 30 Neb., 288, the facts were: Heiduk insured his property with the German Insurance Company. The policy provided for $400 of other and concurrent insurance, which Heiduk at once placed with the German Insurance Company. The policy also provided that Hughes must obtain the written consent of the German Insurance Company for all additional insurance on the insured property or he should not recover from it in case of loss. After Heiduk had placed the $400 of concurrent insurance permitted by the policy of the German Insurance Company, he procured the Orient Insurance Company of Hartford, Connecticut, to issue to him another policy of $500 on the same property insured by the German Insurance Company. The property insured was destroyed by fire, and Heiduk brought suit against the German Insurance Company on its policy. It set up as a defense the procuring by Heiduk of the additional policy from the Orient Company, in violation of the terms of the policy sued upon. This court, speaking through the present chief justice, NORVAL, held that the procuring by Heiduk of the additional insurance from the Hartford Company, in violation of the provisions of the policy he had obtained from the German Insurance Company, was a defense to that company against Heiduk's suit. The facts of the case at bar are within the principles decided in *German Ins. Co. v. Heiduk, supra,* and controlled by that case.

Two arguments are relied upon here by counsel for Hughes to overthrow the defense of the insurance company in this case:

1. It is said that Hughes himself did not procure the additional insurance policy from the Phœnix Company and

that he did not authorize any one to procure it for him and had no knowledge of its being procured at the time it was issued.   It appears from the testimony that Hughes resided on a farm near the city of O'Neill, Nebraska; that the insured property was a store building in that city, and that one Hynes was the agent of Hughes for the purpose of renting and looking after the store building.   There is no evidence that Hynes had any authority from Hughes to insure the store building.   It appears, however, that Hughes was indebted to Hynes, and on or about the 4th day of July, 1889, the latter procured from the Phœnix Insurance Company the additional policy spoken of above, in the name of Hughes.   It does not clearly appear that Hughes knew of the existence of the additional policy until after the property was destroyed by fire.   Soon after the destruction by fire of the property, however, Hughes made a settlement with the Phœnix Insurance Company and obtained from that company $400, in satisfaction of his claims against it by reason of the destruction of the insured property by fire.   Here, then, was a ratification by Hughes of the act of Hynes in procuring this additional policy of insurance, and this ratification related back to the date of the issuing of the policy, and Hughes became bound by the effects thereof, and by the results flowing therefrom, as much so as if he had himslf procured the policy of insurance.   The acceptance by a principal of the fruits of an unauthorized contract made by his agent, with full knowledge of all the facts, is a ratification of such agent's conduct.

2. The policy of insurance issued by the Phœnix Insurance Company contained a provision identical with the provision quoted above from the policy sued on.   It is now argued by counsel for Hughes that inasmuch as he did not disclose to the Phœnix Company at the time he procured this policy the existence of the policy in suit, that the Phœnix policy was never in force, and, therefore, he may en-

force the policy in the suit, notwithstanding his violation of its provisions by procuring other insurance on the property. In other words, the contention of Hughes is that the Phœnix Company's policy never went into force and was never a valid insurance on his property, and that by the provisions of the policy in suit he was only prohibited from procuring other valid insurance. We do not think that the policy issued by the Phœnix Company was absolutely void. Like the policy in suit, it was voidable at the election of the Phœnix Company. If that company saw fit, it might waive the fraud perpetrated on it by Hughes in procuring from it the policy of insurance without disclosing to it that the property was already insured in another company. There is another thing to be said of this argument. By the provisions of the insurance contract entered into between Hughes and the Insurance Company of North America, Hughes in effect promised that he would not procure any additional insurance upon the property without the knowledge and consent of that company. He has violated his agreement in that respect, and when this violation is pleaded against him as a defense in a suit in which he seeks to enforce the contract, he then pleads in avoidance of such defense that, although he attempted to violate his contract, he did not succeed, because the contract that he made for additional insurance was not valid, for the reason that he procured it by fraudulently concealing from the party with whom he made it the existence of the contract sued on. We decline to adopt any such jugglery. To permit Hughes to say that the Phœnix Insurance Company's policy never had any validity is to permit him to take advantage of his own wrong. The courts will interpret and enforce the contracts of parties as made and understood by them when such contracts were entered into upon a valuable consideration and without fraud or mistake. It is not to be denied that the argument made here by the learned counsel for the plaintiff in error seems to have received

the approbation of some courts of eminent respectability. (*Hubbard v. Hartford Fire Ins. Co.*, 33 Ia., 325; *Knight v. Eureka Fire & Marine Ins. Co.*, 26 O. St., 664; *Fireman's Ins. Co. of Dayton v. Holt*, 35 O. St., 189; *Thomas v. Builders Mutual Fire Ins. Co.*, 119 Mass., 121; *Germania Fire Ins. Co. v. Klewer*, 22 N. E. Rep. [Ill.], 489.) But an examination of these cases discloses the fact that the provision of the insurance policies examined and construed therein, with perhaps one or two exceptions, did not contain the words "valid or invalid" found in the provision of the policy sued upon. We think the better rule, and the one supported by the weight of authority, is that where an insurer stipulates in the contract of insurance that it shall not be liable thereon, or that the insurance contract shall be void if, without its knowledge or consent, the insured shall procure additional insurance upon the insured property, and the assured violates such insurance contract by so procuring additional insurance, that then the first insurance contract is voidable at the election of the insurer, and such violation thereof is a defense against the insured in a suit upon such first contract, unless it be shown that such violation of the insurance contract in the procuring of the additional insurance was brought about through fraud or mistake, or has been waived by the first insurer. (*Phœnix Ins. Co. v. Lamar*, 106 Ind., 513; *Barnard v. National Fire Ins. Co.*, 27 Mo. App., 34; *Continental Ins. Co. v. Hulman*, 92 Ill., 145; *Zinck v. Phœnix Ins. Co.*, 60 Ia., 266; *Keyser v. Hartford Fire Ins. Co.*, 33 N. W. Rep. [Mich.], 756.) The learned district court was entirely right in instructing the jury to return a verdict in favor of the insurance company, and its judgment is

AFFIRMED.