LOUIS SLOBODISKY, APPELLANT, V. PHENIX INSURANCE COMPANY OF HARTFORD, APPELLEE.

FILED OCTOBER 6, 1897.   No. 7452.

1. **Insurance:** REFORMATION OF POLICY: EVIDENCE.   An insurance policy, like any other written contract, may be impeached by either party thereto for fraud or mistake, and parol testimony is competent to reform the policy so as to make it recite the actual agreement between the parties.

2. ———: ———: ———.   In order to authorize the reformation of a written contract it must be made to appear what the actual contract between the parties was; that the written contract exhibited does not express the contract made; and these facts must be established by clear, convincing, and satisfactory evidence.

3. ———: ADDITIONAL INSURANCE: EFFECT.   Where an insurance policy provides that it shall be void if the insured without the consent of the insurer takes out additional insurance, the violation of the contract by the insured in that respect does not render the first policy absolutely void, but voidable only at the option of the insurer, since that provision is placed in the policy for the benefit of the insurer and is one which it may waive.

4. ———: ———: NOTICE.   Notice to an agent of an insurer that the insured has taken out additional insurance on the insured property is notice to such agent's principal.

5. ———: ———: ———: WAIVER OF FORFEITURE.   If an insurer has notice before a loss occurs that the insured has, contrary to the terms of his policy, taken out additional insurance, makes no objection thereto, and does not cancel its policy on account thereof, these facts constitute evidence which tends to show that the first insurer waived the forfeiture of the policy by reason of the insured's violation thereof, and elected to keep such policy in force.

6. ———: ———.   *Home Fire Ins. Co. v. Wood*, 50 Neb., 381, followed and reaffirmed.

7. ———: ———: EVIDENCE.   Evidence examined and *held* to sustain the finding of the district court that the policy in suit represented the contract actually made between the insured and the insurer.

APPEAL from the district court of Douglas county. Heard below before WALTON, J.   *Affirmed.*

*Parke Godwin* and *John D. Howe,* for appellant.

*Wright & Stout, contra.*

RAGAN, C.

November 7, 1892, the Phenix Insurance Company of Hartford, Connecticut, hereinafter called the "insurer," issued its policy to Louis Slobodisky, hereinafter called the "insured," insuring against loss or damage by fire for a period of one year, to the extent of $4,500, a dwelling house and furniture therein belonging to the insured. By the terms of the insurance contract no other or concurrent insurance on the insured property was permitted. The policy provided that it should be void "if the assured now has or shall hereafter make any other insurance, whether valid or not, on the said property or any part thereof," without the consent of the first insurer thereto being indorsed on its policy. During the life of this policy the insured procured from another insurance company $500 additional insurance on the insured property, the consent of the first insurer thereto not being indorsed on its policy. February 21, 1893, the insured property was destroyed by fire. The insured brought this suit in the district court of Douglas county, alleging in his petition the issuance of the $4,500 policy, and that it was "but a continuation and renewal of a line of insurance" which the insured had placed with the insurer a number of years prior to the date of the policy in suit, and which said insurance had been placed with the insurer upon the agreement between the parties that the insured should be permitted to carry a total insurance upon the insured property of $5,000; that such a limitation was duly written in all policies which had been issued by the insurer to the insured on his property prior to this $4,500 policy, and such a limitation should have been likewise written in that policy; that it was agreed between the insured and the insurer at the time of the issuance of the $4,500 policy that the insured might increase the insurance on such policy to an amount not to exceed $5,000, in such insurance com-

pany as he might desire, and that in pursuance of that agreement the insured did take out the additional $500 insurance; that at the time the $4,500 policy was delivered to the insured he supposed that it had been drawn up and filled out according to the agreement existing between him and the insurer and correctly recited the contract existing between them; that he did not read the $4,500 policy and did not know of the mistake therein until after the loss; that the agent of the insurer wrote out said $4,500 policy, but by mistake or fraud limited the total insurance on the insured property therein described to the sum of $4,500 instead of $5,000, as was agreed between the insured and the insurer.   The prayer was that the $4,500 policy might be reformed so as to express the alleged contract between the insured and the insurer, and for judgment for $5,000 and interest.   The answer of the insurer admitted the issuance of the $4,500 policy, the procuring by the insured of $500 additional insurance, and denied all other allegations of the petition.   The insurer also pleaded as a defense, among others, that the insured had, contrary to his contract of insurance, procured $500 additional insurance on the insured property without having the consent of the first insurer thereto indorsed on its policy, and had procured such additional insurance without the knowledge or consent of the insurer.   The reply of the insured, so far as material here, alleged that the insurer and its agent "were fully advised and informed before such fire of said additional insurance, consented thereto and waived all objection thereto, and continued such policy in full force and effect."   The district court found the issues against the insured, dismissed his petition, and he has appealed.

1. One question of fact presented to the district court was whether the policy sought to be reformed recited the contract actually made and existing between the insured and the insurer.   The court below found that the contract in reference to insurance actually made and existing between the parties was correctly recited in the policy.   We

cannot see that even a summary of this evidence here
would be of any benefit, either to these litigants or the
legal profession, and shall therefore not make one. But
the evidence sustains the conclusion reached by the trial
court. The courts are invested with authority "to re-
form," as it is called, a written contract, when, by mistake
or fraud, the written instrument does not express the
actual contract made by the parties. This is but another
method of stating the rule that a party when sued upon a
written contract may show by parol testimony that
through fraud or mistake the written instrument exhib-
ited does not recite the contract actually made. An in-
surance policy, like any other written contract, may be
impeached by either party thereto for fraud or mistake,
and parol testimony is competent to reform the policy so
as to make it recite the actual agreement between the
parties. The law applicable to all the issues involved in
this case is laid down in *Home Fire Ins. Co. v. Wood*, 50
Neb., 381. In that case it was held that the courts were
invested with authority to reform a written contract re-
sulting from mistake or fraud; but that in order to au-
thorize such reformation it must be made to appear what
the actual contract between the parties was, and that the
written contract exhibited did not express the contract
made, and that these facts must be established by clear,
convincing, and satisfactory evidence. The appellant
has not brought himself within the rule laid down in this
case as to the nature, character, and degree of evidence
required to entitle him to a decree reforming the contract
in suit. Indeed, we think he has not brought himself
within the rule that where one asserts an affirmative
proposition the burden is upon him to establish it by a
preponderance of the evidence. The insurance policy in
suit presumably represents the contract made between
the insured and the insurer. The insured has impeached
this contract for fraud and mistake, and his evidence
fails to establish that the contract between himself and
the insurer was a different contract from the one written
in the policy.

2. Another question of fact presented by the issues to the district court was whether the insurer had notice of the additional insurance before the fire. The trial court found that the additional insurance was procured without the knowledge or consent of the first insurer, and that it had no knowledge thereof before the loss occurred. The evidence sustains this conclusion of the trial court. As already stated, the law applicable to this issue is also found in *Home Fire Ins. Co. v. Wood, supra,* and in the cases there cited; and it was there held that if an insurance policy provides that an insured shall, without the knowledge or consent of the first insurer, take out additional insurance on the insured property the first policy shall be void; nevertheless, if the insured violates that provision of the policy by taking out additional insurance, the first policy by reason thereof does not become absolutely void; that the policy by reason of the conduct of the insured becomes voidable at most; that such a provision is placed in the insurance policy for the benefit of the insurer and is a provision which it may waive; and if the first insurer has notice before a loss occurs that the insured has, contrary to the terms of his policy, taken out additional insurance, and makes no objection to such additional insurance, and does not cancel its policy on account thereof, these facts constitute evidence which tends to show that the first insurer waived the forfeiture of the policy by reason of the conduct of the insurer and elected to keep such policy in force.

It was also held in the case referred to that a statement made by the insured to the agent of the first insurer that the former intended to procure additional insurance on the insured property was not notice of the existence of such additional insurance when obtained; but it was ruled in the case cited that notice to the agent of the first insurer that additional insurance had been taken out upon the insured property was notice to such agent's principal. But the appellant has not brought himself within the doctrine of the case cited. It stands admitted of rec-

ord that he took out $500 additional insurance on the insured property, contrary to the terms of the contract existing between him and the first insurer; and the appellant has not shown, by even a preponderance of the evidence, that the first insurer or its agent had any knowledge or notice of the taking out of such additional insurance until after the fire occurred. Since neither the insurer nor its agent had any knowledge of the existence of the additional insurance prior to the loss, their conduct in keeping the first policy in force is no evidence of an intention on their part to waive the forfeiture incurred by the insured taking out the additional insurance.

The insurer had the right to presume that the insured would live up to the terms of the insurance contract, and it was no part of the insurer's duty, or that of its agent, to institute inquiries or make investigations for the purpose of determining whether the insured had violated its contract. The judgment of the district court is