NEBRASKA MERCANTILE MUTUAL INSURANCE COMPANY V.
JOHN J. SASEK.

FILED FEBRUARY 19, 1902.   No. 11,151.

Commissioner's opinion, Department No. 2.

1. Cumulative Instructions. It is not error to refuse to give an instruction, where, at the request of the same party, another one is given, making the giving of the first instruction requested unnecessary.

2. Insurance: ADDITIONAL INSURANCE: WAIVER. Where it is provided in an insurance policy that no additional insurance shall be

6

taken out on the property described therein without the consent of the company, procuring additional insurance without such consent renders the policy void. But the secretary or other officer of the company, empowered to waive such condition, may do so by an indorsement on the policy, and thereby revive and continue it in force as a contract of insurance.

3. Insurance Policy: ACTION: WAIVER. In an action on an insurance policy, where the question as to whether or not the proper officer of the company, empowered so to do by the policy, has waived the provision against additional insurance and consented thereto by an indorsement thereon, is properly raised by the pleadings, and is submitted to a jury upon conflicting evidence, under proper instructions, this court will not disturb the finding of the jury upon that question.

4. Conflicting Evidence. Where there is a sharp conflict of evidence upon any material question of fact put in issue by the pleadings in the trial of a case, and each side is supported in its contention by nearly an equal number of witnesses, the verdict of a jury based on such conflicting evidence will not be disturbed or set aside.

5. Fire Insurance Policy: UNCONTRADICTED EVIDENCE. In an action on an insurance policy for the loss of a stock of goods by fire, covered by it, where there is some competent evidence of the value of the property insured, and this evidence is not controverted or questioned in any manner by the insurance company, the verdict of a jury based thereon will not be set aside for want of evidence to sustain it.

ERROR from the district court for Saline county. Tried below before HASTINGS, J. *Affirmed.*

*Fayette I. Foss, Edwin M. Coffin, B. V. Kohout* and *Elliott J. Clements,* for plaintiff in error.

*A. S. Sands* and *Frank H. Woods, contra.*

BARNES, C.

This action was originally commenced in the district court of Saline county by John J. Sasek against the Nebraska Mercantile Mutual Insurance Company on a policy of insurance issued by it to Sasek, Prokop & Co., of Swanton, Saline county, Nebraska, on the 16th day of December, 1897, for a period of one year, for the sum of $1,000, upon a stock of general merchandise situated in the store

of said company in that town. The petition was in the usual form in such cases, and set forth the fact that on the 27th day of July, 1898, Sasek, Prokop & Co., to whom the policy was issued, assigned the same to John J. Sasek; that a copy of the assignment was forwarded to the insurance company and was approved, in writing on the back thereof, by the secretary of said company. It was alleged, in addition to said fact, that on the 8th day of February, 1898, Sasek, Prokop & Co. obtained additional insurance upon the same stock of goods in the Home Fire Insurance Company of Omaha for the sum of $1,500; that notice of that fact was set forth in the assignment made by Sasek, Prokop & Co. to Sasek, and that the insurance company, with full knowledge of such fact and with the assignment duly indorsed on the back of said policy, containing such statement and notice, which was before its officers at the time, by the act of the secretary of the company, who was duly authorized thereto, agreed and consented to the assignment, and approved the said additional insurance, and kept and allowed its said policy to remain in full force and effect. An answer was filed to this petition by the insurance company, admitting the issuance and delivery of the policy sued upon, and the assignment thereof to Sasek, and, as a defense to the action, set forth the by-laws of the company, by which it claims Sasek, being a member of this mutual company, was bound, and the following conditions contained in the policy: "This entire policy, unless otherwise provided by agreement indorsed hereon, or added hereto, shall be void if the assured shall not have, or hereafter shall make, or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy. This policy is made and accepted subject to the foregoing stipulations and conditions together with such other provisions, agreements or conditions as may be indorsed hereon, or added hereto, and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this

policy may be subject of agreement indorsed hereon or added hereto, and as to such provisions or conditions, no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon, or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the assured, unless so written or attached." After pleading these conditions the company concluded its answer substantially as follows: And the defendant also alleges that all of the above provisions, by-laws, etc., were in force at the time of the issuance of said policy; that said policy was issued under the laws of the state of Nebraska, governing mutual insurance companies; that when said plaintiff took out said additional insurance in the sum of $1,500, which was done on the 8th day of February, 1898, the defendant had no knowledge of the same, nor was the defendant or its agents ever notified or advised of the same; and that the defendant did not consent to the same, and that it could not, by law, consent to the same, and therefore that said policy became void and of no force and effect. Sasek replied to the answer substantially as follows: Plaintiff replies and says that when the policy was assigned from Sasek, Prokop & Co. to John J. Sasek on July 27, 1898, that the words "with $1,500 concurrent insurance" were written in said assignment, and that the company thereby must have had knowledge of the said concurrent insurance, and therefore they are estopped from denying the same. On this principal issue the cause was tried to a jury. The trial resulted in a verdict and judgment against the insurance company, and it thereupon brought the case to this court on a petition in error.

1. It is claimed by the plaintiff in error that the court erred in overruling its objection to the introduction of any evidence, because the petition did not state facts sufficient to constitute a cause of action. The substance of this claim is that the policy became void on and after the tak-

ing out of the additional insurance on February 8, 1898; that these facts appeared from the petition, and therefore no cause of action was stated. Plaintiff seems to have lost sight of the fact that the petition stated that certain acts were done by the secretary of the company, which, if true, were sufficient to revive the policy, continue it in full force and assign it to the defendant Sasek. We hold that the petition did state facts sufficient, if true, to constitute a cause of action, and that the objection was properly overruled. We agree with the plaintiff that the procuring and taking out of the additional insurance on February 8, 1898, taken in connection with the conditions of the policy, rendered it void. There can be no doubt but that it remained void, and of no force and effect, unless it was renewed and reinstated by the assignment, and the acts of the secretary of the company consenting thereto on July 27, 1898. The fact as to whether or not the plaintiff, with full notice and knowledge of and concerning the additional insurance on July 27, 1898, consented thereto and agreed to the assignment of the policy to the defendant, and thus continued it in force as a contract of insurance, was practically the only question at issue in the trial of the case. This was the only controverted question which by the instructions of the trial court was submitted to the jury. Therefore the plaintiff's second contention, that the court erred in refusing to give the jury instruction No. 1 at its request, which directed the jury to return a verdict in its favor, can not be maintained. With this issue before the jury, and a conflict of evidence thereon, it was not proper for the court to instruct the jury to return a verdict for either party.

2. Plaintiff at the trial requested the court to give the jury the following instruction: "5. The jury are instructed that the witness, Alois Slepicka, is what is known as an 'insurance broker,' and an insurance broker is the agent of the insured; and that all the acts that he does in procuring insurance for the insured, the insured will be bound by, and that notice to the said Alois Slepicka, he

being the agent of the insured, would not be notice to the defendant herein." The court refused this request, and the plaintiff contends that such refusal was error. An examination of the record shows that there was no evidence offered, given or received that Alois Slepicka was or claimed to be the agent of the plaintiff, and no claim was made on the trial that plaintiff was bound by his acts, or that notice to him was notice to the plaintiff. As before stated, the only question in issue was whether the assignment on the back of the policy gave notice to the secretary of the plaintiff, and whether or not, under the circumstances, his act in consenting in writing to such assignment and condition waived the conditions of the policy, revived it, and thus rendered it a valid contract of insurance. The court, at the plaintiff's request, gave the following instruction: "You are instructed that it devolves upon the plaintiff to prove by a preponderance of the evidence that when the policy was received by the defendant company, July 27, 1898, at Lincoln, Nebraska, it was indorsed 'with $1,500 concurrent insurance' and that the company, with such indorsement thereon, consented thereto. If the plaintiff fails to so establish then you must find in favor of the defendant." The giving of this instruction rendered the former one entirely unnecessary, and the court did not err in refusing to give it.

3. It is urged that the court erred in refusing to allow the application to be introduced in evidence. We can not so hold. The court rightly held that the policy had been rendered void by the taking out of the additional insurance, and that no recovery could be had thereon unless the plaintiff, with full knowledge of the facts, had consented to the assignment of it and to the additional insurance, and thus revived it or continued it in force. Therefore this evidence was rightly excluded as immaterial. We have examined the record to ascertain whether or not any errors were committed in receiving and rejecting evidence, and find nothing therein which shows any prejudicial error. Indeed, all of the rulings of the court seem to have been most favorable to the plaintiff in error.

4. It is strenuously urged that the evidence does not sustain the verdict, in this: that it does not show that the plaintiff's officers, with knowledge of the facts relating to the additional insurance, ever approved thereof or consented thereto, by approving the assignment of the policy when it contained the words, "With $1,500 concurrent insurance." An examination of the evidence shows that four witnesses, of presumably good reputation, testified that the words, "With $1,500 concurrent insurance," were in and a part of the assignment on the 27th day of July, 1898, when it was sent to the plaintiff for its approval and consent thereto. One officer of the plaintiff, and the stenographer in the plaintiff's office, testify that those words were not in the assignment at that time; and one of the plaintiff's officers testifies that he saw the policy immediately after the fire, and that these words were not in the assignment at that date. Thus we have three witnesses testifying against four on this disputed question of fact. The jury, to whom this question was submitted, under suitable and apt instructions from the court, found this fact against the plaintiff in error. We can not disturb such finding. If the question had been submitted to us, knowing the high character and standing of the plaintiff's witnesses, we would have been inclined to have found for the plaintiff; but a court of review can not substitute itself for the jury, and where such a tribunal, with such a sharp conflict of evidence before it, has determined the contested fact, we can not disturb such finding and determination.

5. It is further urged by plaintiff that there was no evidence to show the value of the goods insured at the time of the fire, and therefore the verdict was not supported by sufficient evidence, and should be set aside and the case reversed. We think that the bill of exceptions, as corrected by the order of this court, fairly shows, by at least some competent evidence, that the value of the goods in stock at the time of the fire, and which were all destroyed, was something over $3,000. This evidence was not con-

troverted or denied at the trial, and was not questioned by the plaintiff. The total insurance thereon was only $2,500. Therefore we are constrained to hold that there was sufficient evidence on this point to sustain the verdict. A careful examination of the record fails to disclose any prejudicial error, and the judgment of the district court should be affirmed.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons set forth in the foregoing opinion, the judgment of the district court is

AFFIRMED.

HOLCOMB, J., not sitting.