CHARLES MEYERS, APPELLEE, v. GERMAN FIRE INSURANCE COMPANY ET AL., APPELLANTS.

FILED DECEMBER 1, 1917.   No. 19634.

1. Insurance: ADDITIONAL INSURANCE. The rule that the taking of additional insurance on property insured, without the consent of the company, renders the policy void is not obviated by the fact that the original insurance is on a class of property, rather than any particular property.

2. ———: UNEARNED PREMIUM. "When an insurer has elected to treat a policy of insurance as void for breach of condition providing for a forfeiture, the assured has no claim upon the company for any unearned premium." *Home Fire Ins. Co. v. Kuhlman,* 58 Neb. 488.

3. ———: POLICY: CONSTRUCTION. What is known as the *"pro rata clause"* in a policy of insurance, providing that concurrent insurers of the property shall share the loss, if any, applies only in case the defendant's policy is valid, and does not constitute a waiver of a provision for forfeiture in case of additional insurance being taken without the consent of the company.

APPEAL from the district court for Valley county: JAMES N. PAUL, JUDGE. *Reversed.*

*Stout, Rose & Wells* and *E. P. Clements,* for appellants.

*E. J. Babcock* and *A. Norman, contra.*

CORNISH, J.

Defendant appeals from a judgment in suit on a fire insurance policy.

It appears that, without the knowledge or consent of defendant, plaintiff violated the forfeiture provision against additional insurance. In the absence of waiver, this rendered the policy void or voidable at the instance of the insurance company. *Hughes v. Insurance Co. of North America,* 40 Neb. 626; *Home Fire Ins. Co. v. Wood,* 50 Neb. 381; *Slobodisky v. Phœnix Ins. Co.,* 52 Neb. 395; *Nebraska Mercantile Mutual Ins. Co. v. Sasek,* 64 Neb. 17.

It is argued that if the facts of the case do not bring it within the reason and purpose of the rule—the mischief intended to be met by it—the rule does not apply. This is true. It is said that there could be no such thing as over-insurance in this case because no particular property was insured. Being blanket insurance on horses, cattle, hay, etc., of which the insured might have much or little at the time of the fire, the recovery being limited to actual value regardless of the amount of insurance, it is thought additional insurance could not profit the insured, but rather the insurer because of its right to prorate.

Let us consider this argument. The courts have always held that, regardless of the amount, number, or kind of policies, or even of the insertion of this provision, the contract being one of indemnity only, the total recovery is limited to actual loss. *German Ins. Co. v. Heiduk & Skibowski,* 30 Neb. 288; 19 Cyc. 892.

Why is the provision against over-insurance considered material to the risk and enforceable? Is it not because additional insurance increases the moral hazard? The more insurance, the less care to protect and save the property, and, as stated in *Hughes v. Insurance Co. of North America, supra*: "It is designed as a check upon the disposition of the evil-minded to over-insure their property and destroy it." In this case plaintiff was also proceeding against the other company. This increased risk applies to one kind of insurance about the same as to another.

The argument proves too much. Why take additional insurance unless with the expectation of either collecting on both policies or relinquishing the first one? If we could assume that the plaintiff and others over-insuring in this case would know that they could not profit by it, either lawfully or by unlawful means, then the argument would be good. This cannot be assumed as a fact. The provision being material to the risk, good faith or mistake in a particular case could make no difference. 19 Cyc. 767.

The fact that some investigation of loss was made by the defendant is not evidence of waiver. At least this is true when considered in connection with the non-waiver agree-

ment introduced in evidence by plaintiff. *Schmidt v. Williamsburgh City Fire Ins. Co.,* 95 Neb. 43.

The failure of the insurance company to return the consideration of the policy before standing upon its terms does not constitute a waiver. The company does not fail in its promise by insisting on the conditions of its policy: "Not having broken its contract, it has a right to retain the consideration." *Schmidt v. Williamsburgh City Fire Ins. Co., supra* (p. 51). See, also, *Farmers Mutual Ins. Co. v. Home Fire Ins. Co.,* 54 Neb. 740; *Home Fire Ins. Co. v. Kuhlman,* 58 Neb. 488; *Farmers Mutual Ins. Co. v. Phœnix Ins. Co.,* 65 Neb. 14.

The *"pro rata clause"* in the policy, providing that concurrent insurers of the property shall share the loss, if any, applies only in case the defendant's policies are valid. It applies where the provision against additional insurance has been complied with by making a written indorsement on the policy consenting to such additional insurance, or where the breach of the provision has been waived. It does not constitute a waiver.

An examination of the evidence does not show that the defendant at any time waived the forfeiture provision of the policy. On the contrary, after learning of the forfeiture it at all times treated the policy as not in force.

For the foregoing reasons, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

ROSE and SEDGWICK, JJ., not sitting.