OSCAR O. NEWMAN, APPELLEE, v. NATIONAL UNION FIRE INSURANCE COMPANY, APPELLANT.

FILED DECEMBER 11, 1931. No. 27926.

*Brome, Thomas & McGuire* and *G. H. Seig,* for appellant.

*Mullen & Morrissey, W. J. Hammond* and *Paul P. Massey, contra.*

Heard before ROSE, GOOD and DAY, JJ., and CHAPPELL and LANDIS, District Judges.

LANDIS, District Judge.

Oscar O. Newman, plaintiff below, appellee here, recovered a judgment against the National Union Fire Insurance Company, a corporation, upon a policy of fire insurance. The insurance company appeals from the judgment.

There is no serious conflict as to the facts in this case. On July 16, 1927, appellant issued to one Salyers its combined farm policy insuring certain property against fire and tornado for three years and received a premium of $28.88 therefor. This policy carried an indorsement of the standard loss payable clause to the Fidelity Mutual Life Insurance Company, as mortgagee. On January 27, 1928, another indorsement was added to the policy in substance reciting that in consideration of $28.43 additional premium the insurance for Salyers on his farm buildings was increased to end July 16, 1930, the termination date of the policy. On January 11, 1929, an additional indorsement was made by appellant to the policy which recites: "Title to the property described herein is now vested in O. O. Newman. Policy is hereby transferred to cover in his name, as the assured."

On March 17, 1928, a fire occurred on the premises destroying three buildings covered by the insurance under the policy in suit as barn $750, granary $300, and hog house $200. With no claim of fraud or negligence this loss stands unchallenged as other than what is commonly called an "honest loss."

Salyers carried a policy in the State Farmers Insurance Company upon the property involved in this loss, brought an action thereon, and on April 14, 1928, recovered judgment therein which was afterwards paid, satisfied and released.

No proof of loss was ever made to appellant upon its insurance policy by either Salyers or the Fidelity Mutual Life Insurance Company. Salyers, as a party defendant, answered disclaiming any interest in or right to the policy in suit or the property insured. The Fidelity Mutual Life Insurance Company assigned its right and interest under the policy declared on to the appellee before this action was instituted.

When appellant issued its policy appellee had a second mortgage upon the property under which he had instituted foreclosure proceedings March 2, 1927. Issues were

joined, case tried, and decree entered July 23, 1927, foreclosing this second mortgage and ordering a sale of the premises. Sale was had under the decree, appellee purchased the property, sale confirmed by order of court June 11, 1928, and deed issued conveying title of the property to him. Proof of loss was furnished appellant about July 13, 1929, by appellee. The mortgage clause indorsed on the policy contains the following:

"On payment to such mortgagee * * * of any sum for loss or damage hereunder, if this company shall claim that as to the mortgagor or owner, no liability existed, it shall, to the extent of such payment, be subrogated to the mortgagee's * * * right of recovery and claim upon the collateral to the mortgage debt, but without impairing the mortgagee's * * * right to sue."

Appellant contends that this provides for subrogation to it by the Fidelity Mutual Life Insurance Company, under its first mortgage, to the extent and in the amount of any payment made under its policy to said mortgagee. It asks that appellee's claims be dismissed or, in event judgment be entered against appellant, that it be subrogated to the extent and in the amount of said judgment, under the mortgage; further, that appellee be decreed to pay appellant under the mortgage, the amount it is required to pay on the policy, and in default of such payment appellant be entitled to maintain an action to foreclose its interest, as determined, under said mortgage. In effect this provision in the mortgage clause provides that whenever appellant shall pay the mortgagee any sum on account of a loss and shall claim that as to the mortgagor or owner no liability exists then the appellant is subrogated to the mortgagee's rights and securities. Appellant has paid nothing on account of the loss and by indorsement to the policy agrees that the property described therein is vested in appellee and that he be substituted as the assured. It seems clear that before subrogation could be considered according to the express terms of the loss payable clause appellant must pay something out on ac-

count of a loss under the policy and a determination had that there is no liability under the policy to the appellee. The evidence shows that the appellee paid both of the premiums on the policy; that he was not a stranger to the property, having a second mortgage against it; that he did not know until after the loss that Salyers had other insurance on the property; that he notified Mr. Welch of Omaha, who issued the policy and was agent for the appellant for the state of Nebraska, that he was starting foreclosure proceedings under his second mortgage against the property; that notice of the loss was given appellant by the Fidelity Mutual Life Insurance Company; that in response to this notice appellant sent proofs of loss to the said life insurance company; that appellee furnished proof of loss in July, 1929, and demanded payment. Appellant denied liability on its policy on grounds other than failure to give timely proof of loss. Appellant in its answer alleges that the appellee was not a party to the policy at the time the fire occurred and has no rights thereunder by virtue of any loss. But the appellant by its indorsement of January 11, 1929, says appellee is owner of the property covered by its contract, and places the policy in his name. True, a loss had occurred, but appellee had an insurable interest at the time of the loss. Also, appellant has and retains the premium consideration for the insurance under the policy. An assignment of the policy after loss transfers to the assignee the right to the proceeds of the insurance. In view of the indorsement made by appellant on the policy January 11, 1929, it cannot claim lack of privity of contract with appellee, nor if actual liability existed for the loss already sustained that it is extinguished. Discussion of cases where assignments were made after loss had occurred may be found in notes at 56 A. L. R. 1391; 3 Am. & Eng. Ann. Cas. 476; 56 Am. Dec. 749.

Appellant not only denies any liability to appellee for the loss because of lack of privity of contract with him, but contends that there are conditions in the policy

breached, as procurement of other fire insurance on the property without its consent, and failure of notice of the commencement of foreclosure proceedings under the second lien. Section 44-322, Comp. St. 1929, provides: "The breach of a warranty or condition in any contract or policy of insurance shall not avoid the policy nor avail the insurer to avoid liability unless such breach shall exist at the time of the loss and contribute to the loss, anything in the policy or contract of insurance to the contrary notwithstanding." There is no evidence in the record that the breaches of the policy complained of by appellant in any manner contributed to the loss. Appellant in its answer makes no such claim. In *Calnon v. Fidelity-Phenix Fire Ins. Co.*, 114 Neb. 194, where section 44-322, *supra,* was considered, the rule is announced in the syllabus as: "Under the statute, the violation of a condition in a fire insurance policy by the mortgaging of the property insured does not invalidate the insurance, unless the breach of contract contributes to the loss." This section of the statute was considered by the circuit court of appeals of the eighth circuit in *Westchester Fire Ins. Co. v. Norfolk Building & Loan Ass'n,* 14 Fed. (2d) 524, on the question of breach of the conditions of a policy of fire insurance on notice of change of title. The court say: "There is no evidence in the record tending to show that any purported change in title by reason of the foreclosure proceedings contributed in any way to the loss, and it has been held by the supreme court of Nebraska * * * that a breach of conditions in a fire insurance policy does not invalidate the insurance policy unless the breach of conditions contributed to the loss."

Below, upon motion of appellant, unopposed by the appellee, this cause was transferred to the equity docket of the district court and tried as an action in equity. Upon trial *de novo* independent of the findings and judgment of the trial court, we come to the same conclusions. Hence, the decree of the district court is

AFFIRMED.