FARMERS MUTUAL INSURANCE CO. *v.* SUMMERS AND
AMERICAN STATES INSURANCE CO.

[No. 20,280. Filed October 29, 1968. Rehearing denied December 5, 1968.
Transfer denied March 21, 1969.]

*Robert Robinson,* of Indianapolis, and *William P. Spencer,*
of Huntington, for appellant.

*Armstrong, Gause, Hudson & Kightlinger,* of Indianapolis,
for appellee.

PER CURIAM.—This action was commenced by appellee
John W. Summers to recover proceeds of fire insurance
policies issued by the defendant-appellant Farmers Mutual
Insurance Company and defendant-appellee, American States
Insurance Company.

On February 27, 1961, Farmers Mutual issued a policy of
insurance covering appellee John W. Summers' residence and

its contents. The insurance was in the amount of $7,500 on the house and $150 on its contents. This policy was effective for five years according to its terms, with premiums to be paid annually. On January 17, 1963, American States issued its policy of insurance covering the same residence and contents. The coverage was $15,000 on the house and $6,000 on its contents. Both insurance policies contained pro rata liability provisions.

On April 5, 1963, Mr. Summers' residence and personal effects were destroyed by fire. The total loss was stipulated by the parties in the amount of $17,000, of which $12,000 was the loss of the house, and $5,000 loss on the contents thereof.

The judgment of the trial court reads, in part, as follows:

". . . now finds for the Plaintiff and against both defendants The American States Insurance Company of Indianapolis, Indiana, and against The Farmers Mutual Insurance Company of Huntington, Indiana, and that each are liable to the Plaintiff in a pro rata sum for the proportion of Plaintiff's loss that its coverage relates to the coverage of all policies.

"The Court further finds that the Plaintiff suffered loss to real estate and improvements in the sum of $12,000.00 and that Plaintiff suffered loss to personal property (contents) of $5,000.00 and that such loss resulted by fire to his property which was then and there covered by contracts of insurance by both defendants."

Appellant denied any liability on its policy, while appellee, American States, did not contest its asserted pro rata liability.

The trial court found that both of the insurance companies were liable on their policies, and applied the pro-rata clauses of both policies to the total judgment in proportion to their respective coverages. It was determined that appellant, Farmers Mutual Insurance Company, was liable for 7/22 of the judgment, while appellee American States Insurance Com-

pany, was liable for 15/22 of the total judgment on the basis of the pro rata equation. From this judgment appellant brings this appeal.

Appellant's sole assignment of error is that the trial court erred in overruling its motion for new trial. The specifications in the motion for new trial relied upon by appellant are:

1. The judgment of the court was contrary to law; and

2. The judgment of the court is not sustained by sufficient evidence.

Specifically, Farmers Mutual attempts to avoid liability on two separate grounds:

1. That appellee, John W. Summers, violated one of the conditions in his policy by purchasing other insurance. Said condition reads as follows:

*"Conditions Suspending or Restricting Insurance.* Unless otherwise provided in writing added hereto this company shall not be liable for loss occurring: . . . (d) while the insured shall have any other contract of insurance whether valid or not, on property covered in whole or in part by this policy."

2. That appellee failed to pay the premium due on the Farmers Mutual insurance policy when due, March 2, 1963, although informed by two notices that such was due; and that appellee John W. Summers did not in fact ever pay such premium.

The law in Indiana is that a provision in a fire insurance policy to the effect that the policy shall be void if the insured procures additional insurance on the same property is valid and reasonable, so long as the provision is clear and unambiguous. *Ohio Farmers Insurance Company v. Williams* (1916), 63 Ind. App. 435, 112 N. E. 556.

However, appellee American States contends that the provision in appellant's policy providing that the policy is suspended if additional insurance is purchased, when read in conjunction with the pro rata liability clause, is in irreconcilable conflict and creates a patent ambiguity; and should, therefore, be construed against the insurer.

Appellant Farmers Mutual's pro rata clause reads as follows:

> *"Pro rata liability.* The company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not."

This provision, however, must be read in conjunction with the condition noted previously, to the effect that *"(u)nless otherwise provided in writing added hereto* this company shall not be liable . . . (d) while the insured shall have any other contract of insurance." (Emphasis added.)

It is our opinion that this contention of appellee American States Insurance Company is without merit.

The provisions in appellant's policy are clear and unambiguous. It provides that Farmers Mutual is not liable while its insured has another contract of insurance, unless written consent has been given. If, and only if, appellant had given its written approval, would the pro rata clause have been applicable.

This court has previously declared that its function is not to remake an insurance contract. *Stucker v. College Life Insurance Co. of America* (1965), 139 Ind. App. 422, 208 N. E. 2d 731. We do not intend to change this rule in the case at bar.

In view of the decision we have reached, it is unnecessary for us to consider appellant's contention concerning cancellation of the policy.

Accordingly, it is our opinion that the judgment should be affirmed, with instructions to enter a judgment in favor of the appellee-plaintiff, John W. Summers, against appellee-defendant, American States Insurance Company, for the total amount of the judgment, in the amount of $17,000.00.

Judgment affirmed, with instructions to modify judgment in accordance with this opinion.

NOTE.—Reported in 241 N. E. 2d 154.