CARL KENT ET AL., APPELLANTS, V. INSURANCE COMPANY
OF NORTH AMERICA ET AL., APPELLEES.

205 N. W. 2d 532

Filed March 16, 1973.   No. 38602.

Respeliers & DiMari, for appellants.

Haney, Wintroub & Haney and John R. Douglas of
Cassem, Tierney, Adams & Henatsch, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH,
McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

The plaintiffs appeal from an order overruling their
motion for a new trial which motion followed an order
of the district court granting the separate motions of
the two defendant insurance companies for judgment
on the pleadings and dismissing the plaintiffs' petition.

Plaintiffs on December 13, 1968, were the owners of
certain household goods and personal property which
on that date were damaged or destroyed by fire. They
had previously procured from the defendant The Trav-
elers Insurance Company a policy of fire insurance
which, among other things, insured the property for
loss or damage to a limit of $13,500. The term of the
policy was 4-15-66 to 4-15-69 and the premiums had
been paid for the whole policy period. On December
1, 1968, they had procured a policy of insurance from
Insurance Company of North America which, insofar
as is pertinent here, covered the same property against

the same hazard but in the amount of $17,000. Each company denied liability and the plaintiffs brought action against both companies for the claimed damages in the amount of $11,128.36, and asked for judgment pro rata against both companies.

The petition made the foregoing factual allegations and in addition pleaded and incorporated by reference the two fire insurance policies. Both policies contained the following almost identical provisions.

Travelers

"5. Certain Other Insurance Not Permitted: Other Insurance covering the property insured is not permitted, except against losses not insured against under this policy or unless this policy is otherwise endorsed.

"6. Other Insurance:

"a. Section I—Loss by fire . . .: The Travelers shall not be liable for a greater proportion of any loss from any peril or perils included in this policy than (1) the applicable limit of liability under this policy bears to the whole amount of fire insurance covering the property, or which would have covered the property except for the existence of this insurance, whether collectible or not, and whether or not such other fire insurance covers against the additional peril or perils . . . ."

Insurance Company of North America

"h. Other Insurance . . .

"(Applicable to Tenants Forms) Other insurance covering the property insured hereunder (except insurance against perils not covered by this policy) is not permitted.

"g. Apportionment Clause: This Company shall not be liable for a greater proportion of any loss from any peril or perils (except loss by theft) than (1) the amount of insurance under this policy bears to the whole amount of fire insurance covering the property, whether collectible or not, and whether or not such other fire insurance covers against the additional peril or perils insured hereunder . . . ."

The answer of Travelers admitted issuance of the policy subject to "the conditions and exclusions of the policy." It alleged certain affirmative defenses which are not necessary to note at this point. The answer of INA admitted issuance of its policy and made certain other allegations of fact which are controverted in the plaintiffs' amended reply but which need not be noted at this time.

Both defendants then filed motions for judgment on the pleadings. A motion for judgment on the pleadings is properly granted when it appears from the pleadings that only a question of law is presented. Board of Trustees of York College v. Cheney, 160 Neb. 631, 71 N. W. 2d 195.

Travelers and INA each contend that by virtue of the first quoted provisions of their respective policies there was no effective insurance in force on the date of the loss. Travelers asserts that when plaintiffs procured the INA policy, the policy issued by Travelers became void or voidable at its election. INA specifically relies upon our holding in Quisenberry v. National Fire Ins. Co., 132 Neb. 793, 273 N. W. 197, where we held that the subsequent policy did not go into effect where it contained a provision limiting the total amount of insurance to $2,800 and the total amount of insurance exceeded that amount. Our holding in that case was premised on the theory that compliance with the provision was a "condition precedent" to the effectiveness of the policy. They both contend the provision for apportionment is intended to be applicable only if other insurance has been permitted by endorsement. If their common contentions are correct, then only a question of law is presented and the motions for summary judgment were properly sustained. The other factual issues would be immaterial. If their contentions are not correct then it would be necessary to consider whether the pleadings raise material factual issues which would require trial.

In addition to Quisenberry v. National Fire Ins. Co., *supra,* INA cites Newman v. National Union Fire Ins. Co., 122 Neb. 94, 239 N. W. 464; Slobodisky v. Phenix Ins. Co., 52 Neb. 395, 72 N. W. 483 (1897); Home Fire Ins. Co. v. Wood, 50 Neb. 381, 69 N. W. 941 (1897); Hughes v. Insurance Co. of North America, 40 Neb. 626, 59 N. W. 112 (1894); and Meyers v. German Fire Ins. Co., 101 Neb. 855, 166 N. W. 247 (1917). In those cases we have upheld the validity of policy provisions which provided that the policy would be void if additional insurance existed or was obtained. Slobodisky v. Phenix Ins. Co., *supra;* Home Fire Ins. Co. v. Wood, *supra;* Hughes v. Insurance Co. of North America, *supra.* In Meyers v. German Fire Ins. Co., *supra,* and Newman v. National Union Fire Ins. Co., *supra,* the opinions do not set forth the language of the first policy. We have held that in the absence of waiver or estoppel the violation of the condition against other insurance made the policy voidable only. It appears that in the cases just referred to the policy issued by one of the insurers either did not have a similar provision or the company did not rely on it if it did. The validity of such provisions has been almost universally upheld at least where the provision itself expressly made the policy void or provided that the company should not be liable while other insurance exists.

Travelers or INA or both cite the following cases: Northwestern Fire & Marine Ins. Co. v. Peek, 89 Ga. App. 105, 78 S. E. 2d 879; Roach v. Arkansas Farmers Mut. Fire Ins. Co., 216 Ark. 61, 224 S. W. 2d 48; American Ins. Co. v. Prine, 244 Miss. 69, 140 S. 2d 284; Farmers Mut. Ins. Co. v. Summers, 143 Ind. App. 450, 241 N. E. 2d 154. In each of these cases the policy, in addition to prohibiting other insurance, also contained express provisions either making the policy void or suspending coverage if the prohibition was violated. In Hunter v. United States Fidelity & Guaranty Co. (Fla.), 86 S. 2d 421, the policies contained, immediately

following the sentence prohibiting other insurance, the following: "This Company shall not be liable for loss while the Insured shall have any other fire insurance prohibited by this policy." An examination of numerous other cases discloses similar language.

There are cases, however, which hold that a violation by the insured of the prohibition against other insurance permits the insurer to elect to void the policy even in the absence of an express provision making the policy void or suspending the coverage. Such cases are Aetna Ins. Co. of Hartford, Conn. v. Jeremiah, 187 F. 2d 95; Zepponi v. Home Ins. Co., 248 Miss. 828, 161 S. 2d 524; Northwestern Fire & Marine Ins. Co. v. Peek, *supra*. In none of these cases does it appear that the policy contained pro rata clauses such as we have here. In any event, the possible effect of such a clause on the determination of the effect of the prohibition was not discussed. In none of our own cases, cited by the parties, have we had occasion to consider the question.

The courts which have had occasion to consider the various problems which arise where both policies contain provisions prohibiting other insurance and include an "escape" clause of some nature have reached a variety of results. Some say the first policy remains in effect on the theory that it was, of course, valid when issued, the second policy was void ab initio, and therefore the prohibition in the first policy was not violated and there was nothing to escape from. Quisenberry v. National Fire Ins. Co., *supra*. Others have held that the first policy is voided and the second one is valid. The reasoning in these cases is obscure. Others give effect to both escape clauses. Still others, as in Aetna Ins. Co. of Hartford, Conn. v. Jeremiah, *supra*, both policies were declared void even though there was no escape clause.

In the policies we have under consideration here, two things we believe are significant. The first is the

absence of an express provision voiding the policy or suspending coverage if the other insurance exists or is procured. Such express "escape" provisions seem to have been usual. The second is the positioning of the pro rata clause with reference to the clause prohibiting other insurance. In the Travelers policy these clauses were positioned as we have quoted them. In the INA policy the positioning is reversed. If the insurer in this case had intended that a violation of the prohibition makes the policy void or suspends the coverage it would have been a simple matter to say so. The placing of the pro rata clause immediately after or before the prohibition leads to the conclusion that it was intended to apply if a violation existed or should later occur. It seems to us the policies were designed to avoid the harsh results of such cases as Aetna Ins. Co. of Hartford, Conn. v. Jeremiah, *supra;* and National Union Fire Ins. Co. of Pittsburgh v. Howard (Ky.), 347 S. W. 2d 510; where both policies were declared void. In the first case the carrying of two policies of insurance was apparently inadvertent. In the second a replacement of one of the two policies contained a prohibition against other insurance whereas the policy replaced had no such provision.

The provisions we are here considering also seem designed to avoid the evils of excessive coverage which gave rise to the prohibition and the avoidance clauses in the first instance. They also seem adapted to eliminating problems which rise in connection with the statutes of this state and others, such as sections 44-601 to 44-603, R. R. S. 1943, which prohibit the knowing issuance or procurement of fire insurance policies for amounts exceeding the fair value of the property. If the issuance of a second policy automatically prorates any loss then there is never any excessive coverage nor any possible violation of these statutes.

The language of these policies also would seem to solve problems which arise out of or prevent the evils

of excessive coverage where there are two or more policies of insurance, which contain varying provisions as to other insurance or no such provisions at all. The latter was the fact in some of the older cases decided by our court.

The cases we have cited and others we have read indicate a variety of situations and results, but we hypothesize just one by way of illustration. Assume that Travelers had the identical provision contained in the policy at hand and the INA policy contained specific provision avoiding coverage but no applicable pro rata clause. In such instance Travelers' policy pro rata provision avoids the evils of excessive coverage because it would pay only pro rata, even though under the assumed provisions of the INA policy under the uniform holdings of this court nothing would be collectible from INA. The language in the Travelers' pro rata clause "whether collectible or not" seems, among other things, designed to that end. The phrase in that policy "which would have covered the property except for the existence of this insurance" seems actually to contemplate the situation where the "other" insurance policy contains an "escape clause," in which instance Travelers provides pro rata coverage. This read together with the absence of an escape clause in its own policy would clearly seem to negative any intention that its own provision against other insurance constitutes an "escape" in and of itself.

In the assumed situation the careless insured pays an appropriate penalty and motivation for overinsuring is removed. We must assume that the insured reads and understands the pro rata provisions which do in fact seem quite clear. Provisions such as those in the policies we are considering avoid the gross inequities which may occur when an honest but unwitting insured changes from one insurer to another and there is some overlap in the policy periods, and the loss occurs during the overlap.

The language of these policies seems to us expressly designed to solve the incipient and growing schizophrenia which overwhelms both the insurer and the courts as is evidenced by the excellent summary of the problems in the notes in 12 Stanford Law Review, p. 498, and 38 Texas Law Review, p. 252.

Problems similar to those we have discussed have arisen in connection with liability policies. In this connection after discussing the situation where there is an avoidance of both policies by an escape clause common to both at 8 Appleman, Insurance Law and Practice, § 4912, p. 384, the following observation is made: "It should be noted, however, that the tendency of the more recent policy forms is to avoid such harsh results by the use of clauses which either provide for prorating losses," or otherwise define the coverage.

The commendable objectives which the policy clauses here involved seem expressly designed to accomplish should not be defeated nor the insurer be given the best of' both worlds by applying the principles of our old cases, which remain in good standing, to the very different policy provisions which we have here.

We hold that where two fire insurance policies issued to a common insured each contain prohibitions against other insurance and a pro rating clause, but no express provision voiding the policy for a violation of the prohibition nor suspending the coverage during the time of violation, both policies remain in force and the pro rating clauses apply to any covered loss.

One objection by Travelers must be answered. It contends that under the precise language of its policy which provides for endorsing permissions for other insurance the pro rata clause is intended to be applicable only in the case a permission to procure other insurance is endorsed on the policy. It cites Meyers v. German Fire Ins. Co., 101 Neb. 855, 166 N. W. 247.

It is no doubt true that the pro rata clause would apply in case additional insurance had been permitted

by endorsement, but it is not so limited by its language. It would have been simple for the insurer to have provided appropriate limiting language had it so desired. The provision must be construed against the insurer under the usual standards applicable to ambiguous provisions. Meyers v. German Fire Ins. Co., *supra,* is not applicable here where the prohibition against other insurance does not make the policy voidable but is construed with the pro rata clause.

The motions for judgment on the pleadings were improperly granted. The judgment must be reversed and the cause remanded for further proceedings, including the resolution of other issues raised by the pleadings which, in view of our holding, now become material. We note, however, that in the light of our holding it would seem that any issue raised with reference to whether or not INA had knowledge of the Travelers policy at the time it issued its own would not be material.

REVERSED AND REMANDED.