# CASES

IN THE

# SUPREME COURT OF ILLINOIS.

## FIRST GRAND DIVISION.

### JUNE TERM, 1869.

ILLINOIS MUTUAL FIRE INSURANCE COMPANY

*v.*

CORNELIUS MALLOY.

1. EVIDENCE—*inference against a party who omits to testify to a material fact.* In an action upon a policy of insurance, the defense interposed was, that the assured had obtained other insurance in another company, without giving the defendants notice thereof, as required by the terms of the policy. The assured testified in the case, but failed to testify, positively, that he had given the notice, and his was the only testimony on that fact. It was *held,* that as the fact, if it existed, must have been known to the assured, upon his failure to testify thereto positively, the inference must be he did not give the notice.

2. INSURANCE—*notice of other insurance—to whom it must be given.* Where it is required by the terms of a policy, that if the assured obtains other insurance he shall give the company notice of the fact, it is not enough that he should give

the notice to one who had been the agent of the company, but had ceased long before the notice was given him, to act as such agent, and had given public notice of the fact, and his successors had given to the public their card. It was the duty of the assured to know who was the agent, and to make proper inquiries for that purpose.

3. SAME—*omission of agent to endorse consent on the policy.* Should the assured, however, give notice of his having obtained other insurance, to the proper agent of the company, it seems the omission of the agent to endorse consent on the policy would not prejudice the assured, as was held in *New England Fire & Marine Ins. Co.* v. *Schettler*, 38 Ill. 166.

APPEAL from the Circuit Court of Alexander county; the Hon. JOHN OLNEY, Judge, presiding.

The opinion states the case.

Messrs. GREEN & GILBERT, for the appellants.

Messrs. ALLEN & WEBB, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of debt in the Alexander Circuit Court, brought by Cornelius Malloy against the Illinois Mutual Fire Insurance Company, on a policy of insurance.

The policy contained this clause:

"If the assured should thereafter make any other insurance on the same property, and should not with all reasonable diligence, give notice thereof to the insurers, and have the same endorsed on the policy or otherwise acknowledged by them in writing, the policy should cease and be of no further effect."

The assured did effect additional insurance on the premises, in another company, and whether he communicated the fact to the defendants, as the policy required, was the question.

The jury found for the plaintiff, on which the court rendered judgment, having overruled a motion for a new trial.

To reverse this judgment, the defendants appeal to this court, and assign as error, among others, the refusal to grant a new trial, and in refusing certain instructions asked by the defendants.

The only testimony on the fact of notice to the company of the additional insurance, was that of the plaintiff himself, and that leaves the matter in great doubt.   If he did give the notice, he knew it; it was a fact he was bound to know, and did know, if it existed, and about which he could have testified positively. This he failed to do, and the inference must be he did not give the notice, and therefore the policy was avoided.   *Bottaile* v. *Mer. Ins. Co. of New Orleans,* 3 Rob. La. 384; *Forbash* v. *Western Mass. Ins. Co.* 4 Gray, 337; *Blanchard* v. *Atlantic Ins. Co.* 33 N. H. 9; *Hale* v. *Mech. Mut. Fire Ins. Co.* 6 Gray, 169. But if he did give it, it was given to a stranger to the company —to one who had ceased, long before, to act as agent, and had given public notice of the fact.   Such a notice was no notice, and being given to a stranger, it could not be endorsed on the policy, nor was the policy presented by the assured for that purpose, and for the same reason there could not be a written acknowledgment thereof by the company.   Had Shannessy been the agent of the company, his failure to endorse consent on the policy would not have prejudiced the assured, as we said in the case of *N. E. Fire & Marine Ins. Co.* v. *Schettler,* 38 Ill. 166; but he was not such agent, consequently, all dealings with him were of no effect.   It was the duty of the assured to know who was the agent, and to make proper inquiries for that purpose.

The plaintiff failing to swear to a fact which, if it existed, he must have known, and Shannessy having sworn positively that no notice of the additional insurance was ever given to him, whether agent or not, the jury were not warranted in finding the notice was given.   The proof, at best, was doubtful, but if given, Shannessy had ceased to be agent, of which public notice had been given, and his successors in the agency had, before the pretended notice, given to the public their card.

A new trial should have been awarded, as the verdict was manifestly against the evidence and against the right of the case.

It does not appear that the original insurance was effected by appellee with Shannessy, as agent, consequently, it was the duty of the assured to ascertain and know who was the agent, to whom he could give notice.

For the reasons given, the judgment is reversed and the cause remanded, that a new trial may be had.

*Judgment reversed.*