THE GREENWICH INSURANCE COMPANY *v.* SABOTNICK.

Where G. & D., as partners under that style, were agents of an insurance company when a policy of insurance upon a stock of goods was issued by the company through them, and they afterwards dissolved, and G. ceased to represent the company but continued in the insurance agency business at the same place as a member of a new firm using the style of G. & Co., and the insured applied to G. for additional insurance on the same property, producing at the same time the former policy, which G. examined and thereupon issued another policy in a different company which G. & Co. then represented, signing that policy with the name of the new firm, these facts did not amount to a consent by the first insurance company that the insured might obtain the additional insurance embraced in the second policy. As G's agency for the first company had terminated, he had no authority to represent that company, and the burden of verifying his authority was upon the insured, the policy on its face declaring that it would be rendered void by procuring further or additional insurance, unless by agreement indorsed upon or annexed to the policy. The ignorance of the insured that the first firm was dissolved, or that G's agency was in fact terminated, would not vary the relative rights of the parties.

June 5, 1893.

Before Judge EVE. City court of Richmond county. November term, 1892.

HENRY JACKSON and J. R. LAMAR, for plaintiff in error.
C. HENRY COHEN, *contra*.

SIMMONS, Justice.

Sabotnick sued the Greenwich Insurance Company upon a policy of fire insurance, and a verdict was rendered in his favor. The defendant's motion for a new trial was overruled, and it excepted. One of the defences set up by the insurance company was, that the policy had been rendered void by the plaintiff's taking additional insurance without the company's consent. The policy contained a stipulation that, unless otherwise provided by agreement indorsed upon or annexed to it, it should be void if the insured had or should thereafter procure another contract of insurance, whether valid or

not, on the property covered by it. The plaintiff did procure from another company additional insurance on this property, and no agreement to allow the same was indorsed upon the policy or otherwise appeared in writing. He relied, however, upon the fact that the agent who issued the second policy in behalf of the other company, was a member of the firm who as agents for the defendant had issued the policy sued upon, and that no notice had been given him (the plaintiff) of the termination of this person's agency for the defendant; it being contended that in the absence of notice he had a right to assume that the agency continued and that the defendant, through its agent, knew of the additional insurance and consented to it. The policy sued upon was dated March 10th, 1891, though according to some of the testimony the true date was April 10th, 1891, and it was countersigned "Gardner & Davis, Agents at Augusta." The second policy was issued in the following December by W. S. Gardner & Co., as agents of the Macon Fire Insurance Company, and was countersigned by them as such. The plaintiff, in procuring the additional insurance, dealt with W. S. Gardner, who had been a member of the firm of Gardner & Davis, and in reply to an inquiry by Gardner as to whether he already had insurance, exhibited to him the original policy, but nothing was said as to procuring the consent of the first company, and Gardner did not inform that company as to the additional insurance. Gardner had published notice of the dissolution of the firm of Gardner & Davis on the first of April, 1891, and a litigation having arisen between him and Davis concerning his right to dissolve, a decree of dissolution was rendered in June, 1891. After the dissolution, Davis was the sole agent of the defendant in Augusta, and Gardner had no further connection with its business and did not claim to represent it. The firm of W. S. Gardner & Co., which was afterwards

formed, continued the insurance business, as the agents of other companies, in the office which had been occupied by the former firm, but the sign of that firm was removed and that of the new firm substituted, and Davis no longer occupied the office.

Upon this state of facts, a verdict for the plaintiff was unauthorized, and the court below erred in refusing a new trial. It is true that consent to additional insurance need not be expressed in writing or indorsed upon the face of the policy, notwithstanding such a stipulation as that contained in this policy. Notice of an intention to get the additional insurance and consent thereto by the agent of the company is, in the absence of fraud, sufficient to justify the insured in procuring such insurance. *Carrugi* v. *The Atlantic Fire Insurance Co.*, 40 *Ga.* 135; *City Fire Ins. Co.* v. *Carrugi*, 41 *Ga.* 674. The insured, however, must see to it that the person to whom the notice is given or whose consent he relies upon, is authorized to represent the company whose policy he holds. In this case it does not appear that the plaintiff made any inquiry as to whether Gardner still represented the defendant or that Gardner himself claimed to represent it, and there is no evidence of any misleading conduct on the part of the defendant. On this subject it is said, in a recent work on the law of fire insurance: "Notice to a former agent whose authority has been revoked, although he may have been the person who issued the policy, will not be sufficient. The insured cannot be protected in his neglect to inquire as to what person has authority in the matter. 'He is bound at his peril to give notice to one authorized to receive it'." Ostrander, Law of Fire Insurance (1892), §204. To this effect see also: 3d edition of May on Insurance, vol. 2, §368; 2 Biddle, Insurance (1893), §887; Illinois Mut. Ins. Co. *v.* Malloy, 50 Ill. 419; Gilbert *v.* Phœnix Ins. Co., 36 Barb. (N. Y.) 372.

*Judgment reversed.*