## LIPPMAN *v.* ÆTNA INSURANCE COMPANY.

When a policy of fire-insurance contains a stipulation that "unless other-
wise provided by agreement indorsed hereon or added hereto," it "shall
be void if the insured now has or shall hereafter make or procure any
other contract of insurance, whether valid or not, on the property covered
in whole or in part by this policy," and expressly declares that the policy
is made and accepted subject to such stipulation, and also that "no officer,
agent, or other representative of this company shall have power to waive
any provision or condition of this policy, except such as by the terms of

this policy may be the subject of agreement indorsed hereon or added hereto ; and as to such provisions and conditions no officer, agent, or representative shall have such power, or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached," *Held*, that a mere oral permission to the insured by the agent who issued the policy, to take out additional insurance, was not binding upon the company, and did not estop it from setting up, as a defense to an action thereon, that the insured, in violation of the terms and conditions of the policy, had in fact taken out ·additional insurance on property covered by the same.

. · Argued June 6, — Decided July 25, 1899.

Action on insurance policy. Before Judge Littlejohn. Macon superior court.    November term, 1898.

*Greer & Felton* and *Hall & Wimberly*, for plaintiff.
*King & Spalding* and *J. W. Haygood*, for defendant.

LITTLE, J.    Lippman, suing for the use of Lewis and others, brought suit on a policy of fire-insurance.    Attached to and forming a part of the policy was a printed slip containing these words: " No other concurrent insurance permitted."    This was signed by the agent.    Another clause of the policy is in the following language: " This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on the property covered in whole or in part by this policy."    Still another clause reads as follows: "This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements, or conditions as may be indorsed hereon, or added hereto.    And no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto; and as to such provisions and conditions no officer, agent, or representative shall have such power, or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission ´

.affecting the insurance under this policy exist or be claimed by the insured unless so written or attached." On the trial of the case, plaintiff offered the evidence of Lippman to prove that he informed Hill, the defendant's agent who wrote the insurance, that in the fall of the year he (Lippman) would increase his stock of goods, and would then want additional insurance; that the agent consented to this, and told witness that when he wanted such additional insurance, to come back to him and get it. The plaintiff also proposed to prove by Lippman, that subsequently to the issue of the policy, and after he had largely increased the stock of goods insured, he saw the agent of the company and told him that he intended to take another policy in another company. The agent said that was all right. He then went to the agent of the Continental Insurance Company, and took an additional policy on the same goods for three thousand dollars, and he relied on the consent of the agent in taking out the latter policy. All of this evidence of Lippman was objected to, and ruled out by the court, and the plaintiff excepted. No question was made on the amount of the loss sustained, nor the transfer of the policy to the usees. The trial judge, on motion, nonsuited the plaintiff; and the sole ·question to be determined is, whether the coinsurance obtained by the plaintiff voided the policy. It is contended for the plaintiff in error that, notwithstanding the stipulations made in the policy that the procurement of other insurance on the .same goods unless agreed to in writing made upon the policy renders the contract void, nevertheless, if the agent of the company have notice of the intention to get additional insurance .and consent thereto orally, in the absence of fraud, such an .agreement binds the company.

It is provided by section 2089 of the Civil Code that a contract of fire-insurance, to be binding, must be made in writing; and in repeated adjudications by this court it has been held that an agreement to alter such a contract must also be in writing. *Augusta Southern R. Co.* v. *Smith & Kilby Co.*, 106 *Ga.* 867; *Simonton, Jones & Hatcher* v. *L., L. & G. Ins. Co.*, 51 *Ga.* 76. And in the case of *Mitchell* v. *Universal Life Ins. Co.*, 54 *Ga.* 289, it was held that a contract which is required by

law to be in writing can not be shown to have been altered by
parol after its execution.    The contract upon which the plain-
tiff based his suit expressly declared that no concurrent in-
surance was permitted ; and also that, unless by an agree-
ment indorsed on the policy, it should be void if the insured
procured any other insurance on the same property.    These
stipulations were as much a part of the contract as the promise
to pay in case of loss.    The effect of the evidence of Lippman,
if admitted, would have been to change the terms of the con-
tract; and it would seem, from the provisions of the code and
the authorities cited, that as a matter of law, in order to be
valid and . binding and to become a part of the contract, the
alteration made should have been in writing in order to ren-
der the contract valid.    But waiving an express adjudication
of this point, we come to· consider the proposition urged for
the plaintiff, that, notwithstanding the clause of the contract
requiring consent to additional insurance to be manifested in
writing on the policy, if without such writing the agent of the
insurance company consents to additional insurance, the policy
is not avoided.    We are referred to the case of *Carrugi* v. *Atlantic
Fire Ins. Co.*, 40 *Ga.* 135, in which this court ruled, that where
a policy of insurance contained a clause to the effect that if any
subsequent insurance should be thereafter made on the same
property and not consented to by the company in writing, the
policy shall be null and void, and the policy-holder notified
the agent that he would get additional insurance, the agent
consented, and the insured acted on that consent and obtained
such additional insurance, the policy was not void, although
the consent of the agent was not in writing; and also to the
case of *City Fire Ins. Co.* v. *Carrugi*, 41 *Ga.* 660, in which it
was ruled, that if the agent of an insurance company in fact
receives notice of a prior insurance from the assured, and, not-
withstanding such notice, issues a policy on the same property
and receives the premium agreed on, the policy is not void be-
cause such notice of such prior insurance is not indorsed in
writing upon the policy as required by its conditions.    While
it may be said, on a casual reading, that the principles ruled
in these two cases are authority in this case for the plaintiff in

error, in fact they are not. The contracts of insurance adjudicated in those cases contained this clause: "If any other insurance has been, or shall hereafter be, made upon said property and not consented to by this company in writing, this policy shall be null and void." The rulings of the court were based on the proposition that the insurance company was a foreign corporation and represented here by its general agent for the purpose of taking and receiving risks, and that those who dealt with the agent had the right to consider him authorized to do and consent to all acts within the scope of the business; that consent to a prior or subsequent insurance was within that scope; and if the agent in fact consented and the insured acted on that consent, it would be a fraud on the insured for the company to set up that they had stipulated that such consent must be in writing. It is true that the policy in the case which we are now considering did provide that other contracts of insurance on the same property should void the policy unless it was, by agreement, indorsed on the policy; and in so far the conditions of the two policies may be regarded as the same. But the contract of insurance which is being here considered contains another and a distinct clause not incorporated in the contracts passed upon in the two cases of *Carrugi*, supra, which is, that no officer, agent, or other representative of this company shall have the power to waive any provisions or conditions of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto; and as to such provisions and conditions no officer, agent, or other representative shall have such power, or be deemed or held to have waived such provisions or conditions, unless such waiver shall be written upon or attached hereto; nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached. Assuming, as we must, that the law was correctly determined and applied in the *Carrugi* cases, we find that an entirely distinct condition in relation to additional insurance is incorporated in this contract; and not only is it a distinct condition, but it is one which restricts and limits the power of any agent of the com-

pany to waive or change the terms of the original contract, unless he does so in writing; and this restriction and limitation is a part of the contract which the assured is now seeking to enforce.

The question is not, therefore, whether the company had notice of another insurance, but, having prescribed that no agent had the power to consent to additional insurance unless the same was manifested by writing on the policy, what is the effect when the agent consents otherwise than by such writing? The principle of recovery must be that the company assented to the additional insurance; if it did not, it is not bound. Ordinarily the general agent would have the right to make such assent; but when the power of the agent to make the consent is restricted to cases in which by writing indorsed on the policy he evidences the consent, it would seem that in order to bind the company the condition prescribed must be performed. *Morris* v. *Orient Ins. Co.*, 106 *Ga.* 472. Richards in his treatise on the Law of Insurance, page 25, says, that where by the terms of a policy notice is given to the applicant that agents have no authority to waive the conditions of the contract except by written agreement, it is evident that, at any rate, after such notice is received by the insured, neither the ostensible authority nor the actual authority of the commissioned agent is sufficient to enable him to effect a parol waiver of the conditions of the policy. And in 2 Wood on Fire Insurance, 863, citing authorities, the rule is laid down: "That an agent may waive a forfeiture is well established by numerous authorities. But, where a limitation is imposed upon the power of the agent upon the face of the policy, of which the assured, as a prudent man, ought to know, and there is no evidence that the agent has been accustomed to act in excess of such power, with the express or implied assent of the insurer, the insured is not justified in dealing with him in relation to such matters, and his acts as to excess of authority are not binding upon the company." Ostrander on Fire Insurance, 36, citing adjudicated cases, enunciates the same doctrine in this language: "If, however, the insured has notice of the restrictions imposed upon the

agent, the company will not be held." Under the general law of agency, the rule is that parol evidence is not admissible for the purpose of enlarging or extending the powers conferred by written instrument, and the nature and extent of the authority must be ascertained from the instrument itself. It must be borne in mind that we are not now dealing with the question as to what notice to the agent is notice to the company; but whether or not, when one party to the contract expressly stipulates that its assent to a change in the contract executed shall not be binding unless by the written agreement of its agent attached to the original contract, a parol agreement not known to or ratified by the principal has the effect to change the terms of the contract as entered into. In the case of Quinlan v. Providence Washington Ins. Co., 133 N. Y. 356, it was held by the Court of Appeals of New York, that where a policy permits an agent to exercise a specified authority but prescribes that the company shall not be bound unless the execution of the power shall be evidenced by a written indorsement on the policy, the condition is of the essence of the authority, and the consent or act of the agent not so indorsed is void; citing Walsh v. Insurance Co., 73 N. Y. 10 ; Marvin v. Insurance Co., 85 N. Y. 278. And in the case of Baumgartel v. Providence Washington Ins. Co., 136 N. Y. 547, the court held, that where it was provided in a policy of insurance that the insurance should be void if the insured procured other insurance on the property, and that no officer or agent could waive such condition except by indorsement on the policy, and the insured, having obtained other insurance, informed the agent who had issued the policy, and the latter said he would attend to it but failed to do so, the agent's promise did not constitute a waiver of the condition, nor affect the right of the company to insist on a forfeiture. And in the case of Carey v. German-American Ins. Co., 84 Wis. 80, it was held, that where a fire-insurance policy provides that no agent of the company shall be held to have waived any of the conditions of the policy unless such waiver shall be indorsed in writing, it is error to admit oral evidence of a waiver of forfeiture by the local agent of the company.

In the case of *Simonton, Jones & Hatcher* v. *L., L. & G. Ins. Co.*, supra, the point ruled was, that where the insured were removing their goods from one place to another in the city of Atlanta, and they were notified by the agent of the company that the removal would vitiate the policy unless they desired it continued, and when the insured said that they so desired, and the agent of the company orally represented that the company would agree, but no new policy was taken out, and the goods were lost by fire, they could not recover under such parol agreement.    And in the case of *Mitchell* v. *Universal Life Ins. Co.*, supra, the court held, that the offer of parol evidence to alter the contract implies that the contract is not what the parties made, and that the uniform experience is that it is wisest to adhere to what the parties have knowingly written. And, finally, in the case of the *Western Assurance Co.* v. *Williams*, 94 *Ga.* 128, where the policy stated that the insurance was upon property located and contained as described in the policy, and where it was contended on the part of the defendant that the agent had no authority to consent to the removal of the property unless the consent was indorsed on the policy, and such policy contained a stipulation such as that which we are now considering, the court held, "This clause puts the insured upon notice that the agent has no authority to waive a condition of the policy, except in writing attached to the policy; and the insured would, therefore, have no right to rely upon any waiver not made in that manner, unless it could be shown that the company did in fact authorize the agent to make the waiver otherwise."    It is true in this case that our present Chief Justice, while discussing the legal effect of a stipulation in a policy similar to that which we are now considering, said that this clause put the insured upon notice that the agent has no authority to waive a condition of the policy, except in writing attached to the policy, and the insured would, therefore, have no right to rely upon any waiver not made in that manner, unless it could be shown that the company did in fact authorize the agent to make the waiver otherwise, and that "To establish such authority on the part of the agent, the insured would have to show that it was expressly

granted by the company in the given instance, or would have to show *some* previous course of dealing in similar cases by the agent with the company's consent, manifested by ratification or otherwise." The language used by the Chief Justice in no way controls or qualifies the principle ruled in this case. For, confessedly, it was not shown, nor attempted to be shown, that the company expressly granted to the agent the power to give the assent to the additional insurance otherwise than in writing, nor was any previous course of dealing in similar cases, which was ratified by the company, attempted to be shown. On the contrary, the plaintiff in error rested his case upon the proposition that, where the agent had the power to waive a condition of the policy so as to assent to additional insurance, notwithstanding the fact that a *condition* of the policy restricted the power of the agent to make such consent in writing, as the agent had the power and did consent, although orally, nevertheless the company was bound.

These authorities seem to be conclusive of the question involved in this case. The rule in the *Carrugi* cases, supra, is to the effect that where the contract of insurance provides that the agent may change the conditions expressed in the policy by writing thereon, such agent having the power, the company is bound when the agent having notice agrees to the changed condition. In the case at bar, however, when the power of the agent to change the condition is limited so that no change by the agent shall be effected unless the same is done by a writing on the policy, the power of the agent as to the manner of such change being restricted, the company can not be held to the terms of such changed conditions, unless the change has been made in accordance with the terms prescribed in its original contract. The law abhors a forfeiture; and when a contract of insurance has been entered into, while both parties should be held to an observance of its terms, the contract will be interpreted most strongly against the company. While this is so, it is nevertheless true that a contract of insurance is governed by the same rules of interpretation as apply to other contracts; and where parties incorporate certain terms or stipulations in their contracts, it is not the province of the court to

extend or enlarge them, but, in construing them, to give expression to the true intent of the parties, and in so doing the language used is the best criterion of intention.   We therefore rule, that the evidence offered was inadmissible, and that the court did not err in granting a nonsuit.

*Judgment affirmed.    All the Justices concurring.*