## 10023. SHERRER v. QUEEN INSURANCE COMPANY OF AMERICA.

Under the terms of the fire-insurance policy sued on, it was invalidated by the procurement of an additional policy on the same property for an amount in excess of that permitted by endorsement on the first policy; and the evidence demanded the verdict which the court directed in favor of the defendant.

DECIDED APRIL 23, 1919.

Action on insurance policy; from Fulton superior court—Judge Pendleton. June 27, 1918.

*J. F. Golightly,* for plaintiff. *King & Spalding,* for defendant.

WADE, C. J. Sherrer sued the Queen Insurance Company of America on a policy of fire insurance for $1,200. The defendant set up that the policy sued on was invalidated by the procurement of an additional policy by the plaintiff on the same property for an amount in excess of that permitted by endorsement on the first policy, it being stipulated in the contract of insurance that "this entire policy, unless otherwise provided by agreement endorsed herein or added hereto, shall be void if the insured now has, or shall hereafter make or procure, any other contract of insurance, whether valid or not, on the property covered in whole or in part by this policy." The policy sued on contained an express written endorsement permitting $1,200 additional insurance. On the trial it was shown that additional concurrent insurance to the extent of $1,600 was procured by the insured,—viz., a policy of $1,300 in the Citizens Fire Insurance Company of Baltimore, Md., and a policy of $300 in the same company, both issued subsequently to the policy sued on. Plaintiff contends, however, that the defendant is estopped from asserting that this additional insurance of $1,600 voided the policy sued on, because the defendant had notice, at the time this policy was issued, that the insured had $1,300 additional insurance, of which the $1,300 policy above referred to was a renewal, and the $300 additional insurance was merely substituted for a policy of $800 issued by the defendant prior to the date of the policy sued on. The evidence submitted on the trial as to whether there was a waiver on the part of the defendant in regard to the $1,300 additional insurance, as well as to whether there ever was in fact an $800 policy issued by the defendant, is not altogether satisfactory and is in some particulars irreconcilable.

The trial judge directed a verdict for the defendant, and the plaintiff excepted.

The trial judge did not err in directing a verdict for the insurance company. Even if the evidence were sufficient to show a waiver on the part of the defendant as to the $1,300 additional insurance, the undisputed evidence clearly shows that the taking out by the plaintiff of the $300 policy after the issuance of the policy sued upon was a violation of the warranty against additional insurance in excess of $1,200; for the $300 policy together with the $1,300 of insurance raised the aggregate of the insurance on the property not only to an amount exceeding by $400 that allowed by the terms of the policy sued upon, but also to an amount exceeding that covered by the waiver. The $300 policy was obtained by the plaintiff without the knowledge or consent of the defendant, and cannot be considered merely a renewal of the $800 insurance (if in fact that policy was ever issued by the defendant), as it was issued by an entirely different company from the company which the plaintiff claims issued the $800 policy, and was for a lesser amount.

Judgment affirmed. *Jenkins and Luke, JJ., concur.*