## 19139. HALL v. CONTINENTAL INSURANCE CO.

LUKE, J. 1. It appearing from the record that the petition for supplementation of the brief of evidence in this case was presented to the trial judge within twenty days after service of the bill of exceptions was acknowledged by counsel for the defendant in error, and it further appearing from the court's order directing that the fire-insurance policy declared upon and the other policy be sent to this court, that these documents are "true copies of the documents introduced in evidence in the trial of the case and filed therein, and are material to a clear understanding of the errors complained of," the contracts of insurance are properly before this court, under the Civil Code (1910) § 6149, and will be considered as a part of the record in the case.
(a) The cases of *Jones* v. *Gill,* 121 *Ga.* 93 (48 S. E. 688), and *Outcliffe* v. *Lowry,* 165 *Ga.* 287 (140 S. E. 752), relied on by the plaintiff in error, are patently different from this case. In the first of these cases "the matter consisted of statements as to what transpired on the hear-

815

ing in the superior court . . which did not, and could not, properly become a part of the record of file in the clerk's office." In the second case it was held that the Supreme Court "has no jurisdiction to change the record as made in the trial court, or to allow a change by consent of the attorneys for parties at interest."

2. The court did not err in directing a verdict for the insurance company, since it clearly appears, from the evidence, that the plaintiff violated the following provision of the contract declared upon: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy." Civil Code (1910), § 2489; *Morris* v. *Orient Ins. Co.*, 106 *Ga.* 472 (33 S. E. 430); *Lippman* v. *Ætna Ins. Co.*, 108 *Ga.* 391 (33 S. E. 897, 75 Am. St. R. 62); *Beasley* v. *Phœnix Ins. Co.*, 140 *Ga.* 126 (78 S. E. 722); *Sherrer* v. *Queen Ins. Co.*, 23 *Ga. App.* 674 (99 S. E. 139).

3. None of the alleged errors in rejecting or admitting evidence are of sufficient materiality to warrant the grant of a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED DECEMBER 11, 1928.

*J. H. Paschall, J. M. Lang,* for plaintiff.

*Spalding, MacDougald & Sibley, Henson & Barnett,* for defendant.