19238. FIREMAN'S FUND INSURANCE COMPANY *v.* HARDIN.

DECIDED JULY 10, 1929. REHEARING DENIED AUGUST 24, 1929.

*Smith, Hammond & Smith,* for plaintiff in error.

*O. J. Coogler, McElreath & Scott,* contra.

JENKINS, P. J.   (After stating the foregoing facts.)   Counsel for the plaintiff in error say in their brief and argument that the "main question for decision may be briefly stated as follows:   Can the requirements of the policy as to furnishing written sworn proofs of loss be held to be waived by mere silence and inaction on the part of the company?"   A number of cases from foreign jurisdictions are cited, among them, and perhaps the strongest of these cases, being Central City Insurance Co. *v.* Oates, 86 Ala. 558 (6 So. 83, 11 Am. St. R. 67).   In that case the court said: "We can find no case, however, where the mere silence of the insurer has been construed as a waiver of the presentation of preliminary proofs by the insured, where no such proofs, defective or otherwise, have been presented.   The policy itself is the most solemn notification possible of the imperative prerequisite of furnishing such proofs.   It is there stipulated that they must be furnished as soon as possible after the fire, and this stipulation is a standing notice of the requirement.   It stands to reason that his notice need not be reiterated by the insurer, nor any special attention of the assured called to it, unless the particular circumstances of the case render it necessary to fair and honest dealing between the parties.   And the authorities accordingly hold that the mere silence of the underwriter or insurer, or his failure to specify the non-production of such preliminary proofs as an objection to the payment of the loss, is not sufficient evidence to justify a jury in inferring a waiver of

their production." It may be frankly stated, at the outset of this opinion, that in upholding the action of the court below in over-ruling the demurrers, the conclusion has not been arrived at without some doubt and difficulty. However, it does not appear that the facts in any of the cases cited on behalf of the plaintiff in error present a question such as is made by the present record. As we conceive the question now presented, it is not one of whether it is incumbent upon the company to call timely attention to any dereliction on the part of the insured growing out of his failure to comply with the terms of the policy relative to proofs of loss. To use a portion of the language in the Oates case, supra, the question is whether the particular circumstances of the case rendered it necessary to good faith and fair dealings between the parties that the company should have answered the plaintiff's letters after having been shown by the insured that he was manifestly laboring under a misapprehension as to his duties under the policy, and after having been requested by the insured to furnish blank forms for an affidavit of formal proof, if one was in fact required, and after being advised by the insured that if no such blank was furnished he would thereby understand that the notice of the loss already received by the company would be taken and understood to be sufficient and satisfactory. The question is, did good faith and fair dealing require in the ordinary course of business an answer to these letters? Should the company have either furnished or refused to furnish the blanks, and at least indicated its unwillingness to accept the propriety of the acts of the insured as in conformity to the requirements of the policy, rather than take advantage of his manifest ignorance and misunderstanding as to the requirements of the policy by ignoring his letters and requests, and silently awaiting the expiration of the period when the requirements could be complied with?

Section 5741 of the Civil Code (1910) is as follows: "In the ordinary course of business, when good faith requires an answer, it is the duty of the party receiving a letter from the other to answer within a reasonable time. Otherwise he is presumed to admit the propriety of the acts mentioned in the letter of his correspondent, and to adopt them." It is the contention of counsel for the plaintiff in error that this provision of the code has no application in the present case, their argument being as follows: "Under this code-

section a failure to answer a letter which good faith required to be answered *in the ordinary course of business* raises a presumption that by such failure to answer the propriety of the acts mentioned in the letter are admitted and adopted. Such code-section has no application to contract duties, rights, and obligations. A written contract can not be wiped out of existence in whole or in part by such a one-sided transaction as an unanswered letter from one party to the other. The essence of all contracts, as well as the modification of all contracts, is a 'meeting of the minds.' A statement by one party, met with silence by the other party, will neither make a contract nor modify one." The idea which seems to be stressed by counsel for the plaintiff in error is that there was no obligation resting upon the company. to answer the insured's letter "in the ordinary course of business," but it would seem that after the insured had given notice of the loss to the company's local agent, and had been informed by him that he (the agent) had fulfilled his part in regard to the "necessary papers giving the company due notification of the loss of the building," and had been informed by the agent that the company would furnish an authorized blank form in regard to proof of loss, good faith and fair dealing, in the ordinary course of business, made it incumbent on the company, on being informed of such dealings between the insured and its agent, and on being requested to furnish such blank form to the insured in the event any such form of proof was required, whether it cared to furnish the blank or not, to at least answer the letter of the insured and let him know that it was not willing to accept what he or the agent, or he and the agent, had previously done as meeting the requirements of the policy in regard to proof of loss. To hold that good faith on the part of the company required it to thus give recognition to the letters of the insured, which plainly indicated that the insured had failed to study with understanding the varied terms of his policy, rather than silently take advantage of his helplessness because of his expressed and manifest ignorance, and after being informed that such silence would be taken and construed to mean that the company was willing to accept what had been done by the insured and its local agent as satisfactory, is not to recognize a modification of the contract, but rather to recognize a waiver by estoppel of one of the company's contract rights.

It is true that the facts of the instant case are not altogether similar to those set forth in *Alston* v. *Phenix Ins. Co.,* 100 *Ga.* 287 (2) (27 S. E. 981) ; *Phenix Ins. Co.* v. *Hart,* 112 *Ga.* 765 (4) (38 S. E. 67) ; *Williams* v. *Atlas Assurance Co.,* 22 *Ga. App.* 661 (4) (97 S. E. 91), and *Great American Co-operative Fire Asso.* v. *Jenkins,* 11 *Ga. App.* 784 (2) (76 S. E. 159). In those cases the proof submitted as in compliance with the policy was altogether inadequate, but there· was an attempt to comply with the terms of the policy as regards formal proof after notice. The rulings in those cases were in substance that the reception and retention by the insurer, without objection, of inadequate proofs of loss, is a waiver of the right to set up that they failed in any particular to comply with the requirements of the policy. In the instant case the insured notified both the local agent and the company of the loss. He notified the company that the agent had notified him that he (the agent) had "fulfilled his part in regards the necessary papers giving you due notication of the loss." The company was further notified that the insured understood that he had fulfilled and complied with all of the duties resting upon him, and that if he was mistaken in that respect he would depend upon hearing from the company to that effect, and requested the company to furnish blanks in the event any additional proof was desired. There is no reason in law why the company could not be held to have waived all proof of loss just as completely as it could be held to have waived defects and deficiencies in the proof of loss. The principle in each case is the same. In our opinion the insurer should not be allowed to take advantage of the plaintiff's plain and manifest ignorance governing the voluminous terms of the printed contract by refusing to answer his letters, especially so when it is shown that the company was specifically informed that its continued failure to answer would be construed to mean that nothing further was required.

*Judgment affirmed. Stephens and Bell, JJ., concur.*