AMERICAN INSURANCE COMPANY *v.* HATTAWAY.

16

No. 14135.   M'AY 21, 1942.

*Smith, Smith & Bloodworth* and *Stanley A. Reese,* for plaintiff.
*R. I. Stephens,* for defendant.

DUCKWORTH, Justice. ■ The defendant in error filed a motion to dismiss the writ of error, because the plaintiff in error's brief was not served upon his counsel ten days before the day set for the call of the calendar to which the case was assigned, as required by the Code, § 24-4519. This motion must be overruled. Counsel failing to comply with the rule referred to may be dealt

with as for contempt of court, but such neglect will in no case cause a dismissal of the writ of error. Code, § 6-1306; *Roberts* v. *Roberts,* 115 *Ga.* 259 (2) (41 S. E. 616, 90 Am. St. R. 108); *City of Macon* v. *Ries,* 180 *Ga.* 371 (179 S. E. 529); *Samples* v. *Ashley,* 51 *Ga. App.* 109 (3) (179 S. E. 745).

■ "A second insurance on the same property, unless by consent of the insurer, will void the policy." Code, § 56-830. The policy issued to the defendant by the American Insurance Company on March 17, 1940, contained a provision to the same effect. The record shows without dispute that the defendant did take out additional insurance on the property insured with another company on June 7, 1940, without the consent or knowledge of the first insurer. The defendant contends, however, that under the circumstances of this case the first policy of insurance was not rendered void by the taking out of the second policy. We can see no merit in his contentions. Even if he did not authorize any one to procure the issuance of the policy, he ratified the same by making proof of loss and seeking to recover thereunder in his cross-action to the present suit. Having elected to seek the fruits of the policy, he is bound by the limitations and conditions thereof. He could not ratify in part and repudiate in part, but had to adopt the policy as a whole or not at all. Code, §§ 4-302, 4-303; *Central of Georgia Railway Co.* v. *James,* 117 *Ga.* 832 (45 S. E. 223). The evidence upon the trial did not disclose any facts from which it could have been found that the insurer was estopped from insisting upon the provision of its policy against the taking out of additional insurance without its consent. The fact that the defendant obtained a $2100 policy of insurance from the Atlantic Mutual Fire Insurance Company to take effect on March 17, 1940, that this policy was canceled at the direction of the mortgagee without the consent or knowledge of the defendant, and that the defendant did not know of the cancellation at the time he took out an additional policy of insurance with that company, if true, might have been relevant had the defendant sought to hold that company liable on its policy; but the plaintiff company is not shown thereby to have done anything to cause it to be estopped.

■ While the taking out of the additional insurance rendered the policy void as to the insured, the mortgagee was protected under the mortgage clause of the policy. When the insurer paid

the amount of the insured's indebtedness to the First Federal Savings and Loan Association of Dublin, in satisfaction of its liability under the mortgage clause, the indebtedness of the defendant was not thereby extinguished, but the insurer became subrogated to the rights of the loan association, the mortgagee, and the assignment to it of the insured's note and security deed was valid. *Peoples Bank of Mansfield* v. *Insurance Company of North America,* 146 *Ga.* 514 (91 S. E. 684, L. R. A. 1917D, 868). It was therefore error for the judge to direct a verdict for the defendant for the cancellation of the note and security deed. It was also error to direct a verdict for the defendant for $387.50, the amount received by the plaintiff from the second insurance policy on the property. The latter policy also contained a mortgage-payable clause in favor of the loan association, and the plaintiff insurer had succeeded to the rights of that association at the time the sum referred to was paid to it. The second insurance was, under the terms of the policies, required to bear its proportionate part of the mortgage debt. However, the defendant should be given credit for this payment in any judgment that may be obtained by the plaintiff. It follows that the court erred in overruling the plaintiff's motion for a new trial.

*Judgment reversed. All the Justices concur.*