HARMON *et al. v.* STATE MUTUAL INSURANCE CO.

No. 15759. APRIL 17, 1947. REHEARING DENIED MAY 16, 1947.

266

*Covington & Covington* and *Gordon Lee Sullivan,* for plaintiff.
*Graham Wright,* for defendants.

ATKINSON, Justice. (After stating the foregoing facts.) The question here presented for determination is whether an act of

the insured which forfeits the terms of an insurance policy, is waived by the company collecting and retaining the premium, when an officer or agent of the company, having authority to issue policies or to enter the waiver, has actual knowledge of the act of the insured which created the forfeiture.

We are not here confronted with the question of an express waiver, which would have to be in writing and issued by one of the officers of the company designated in the policy; nor does the present question involve the right of an agent of the company to waive a forfeiture of the policy. An implied waiver, when properly established, is just as effective as an express waiver.

The instant case is controlled by the rulings in *Golden* v. *National Life &c. Ins. Co.*, 189 *Ga.* 79 (1, 3) (5 S. E. 2d, 198, 125 A. L. R. 838), which in effect holds that, where a life-insurance policy is issued and provides that it is void if the company already has a policy in force on the life of such person unless the second policy should have endorsed thereon a waiver to the contrary, and where in his application for the second policy he states that he has no insurance in the company when in fact he does have a life policy therein, and no waiver to the contrary is endorsed upon the second policy, yet where some officer or agent having authority to issue policies or to enter the "waiver" had actual knowledge of the existence of the first policy at or before the payment and retention of the premiums on the second policy, this will not defeat a collection of the second policy at the insured's death.

Applying the foregoing ruling to the instant case, where the double-indemnity feature of the policy became inoperative upon the insured entering the military service, but where "some officer or agent having authority to issue policies or to enter the 'waiver' had actual knowledge" of the insured entering the military service at the time the company received and retained the premium, this would amount to an implied waiver of the provision as to military service, and the company would be estopped to assert this defense.

Accordingly, the Court of Appeals erred in ruling that the plaintiff's right to recover under the policy depended solely upon a written waiver as to military service.

*Judgment reversed. All the Justices concur.*