34633. NORTHWESTERN FIRE & MARINE INSURANCE COMPANY
*v.* PEEK.

CARLISLE, J. From the allegations of the petition, in this action upon a policy of insurance covering unscheduled personal property, it appears that the property was destroyed by fire on October 26, 1949. The policy upon which the suit is brought provides that, "unless otherwise endorsed hereon, no other insurance is permitted on the property covered hereunder." No such endorsement appears on the policy. It is further provided in the policy that "the assured shall immediately report to this company or its agent every loss or damage which may become a claim under this policy, and shall file with the company or its agent within ninety days from date of loss, a detailed sworn proof of loss; failure by the assured either to report the said loss or damage or to file such written proofs of loss as herein provided shall invalidate any claim under this policy." It appears from the petition that upon the loss by

fire of enumerated items of personal property, the assured immediately notified the company, and on December 15, 1949, within the requisite ninety-day period from the date of loss, filed his sworn detailed proof of loss, a copy of which is attached to the petition. It appears from the recitals in the sworn proof of loss that, "when this policy was acquired and at the time of loss the interest of your insured in property described therein was sole and unconditional ownership, and no other person or persons had any interest therein or encumbrance thereon," and it further appears from the sworn proof of loss that additional insurance had been taken out on the same property through another insurance company. Without removing the original proof of loss exhibited as a part of the petition, the plaintiff attempted to strike from the proof of loss, by amending his petition, any reference to the second insurance by explaining that his wife owned part of the property included in his proof of loss, and that while living separate and apart from him, she had taken out the second insurance to cover her property. The defendant company filed its general demurrer to the petition as amended and when it was overruled excepted pendente lite, and in its bill of exceptions, assigned error on the denial of its motion for new trial and on its exceptions pendente lite.

1. Under the state of the pleadings indicated above, there is a variance between the proof of loss attached to the petition as an exhibit and the allegations of the petition as amended. The proof of loss recites that all the property belonged to the plaintiff, and that there was additional insurance on the property besides the policy on which suit is brought. The amendment alleges that part of the property belonged to the plaintiff's wife, and that she had taken out the second insurance while living separate and apart from him. Under this state of the pleadings, the exhibit controls. Simmons v. Peavy-Welsh Lbr. Co., 113 Fed. 2d 812; *Equitable Credit &c. Co.* v. *Murray,* 79 *Ga. App.* 795 (54 S. E. 2d 650); *Atlanta Journal Co.* v. *Doyal,* 82 *Ga. App.* 321 (60 S. E. 2d 802). Therefore, construing the petition against the pleader—as required upon consideration of a demurrer—the petition as amended shows upon its face a violation of the provisions of the policy by the fact that there was additional insurance on the plaintiff's property which had not been endorsed upon the policy, and the policy was voided prior to the loss, there being nothing in the petition to show any conduct on the part of the insurer to estop it from asserting the invalidity of the policy because of such second insurance. *American Insurance Co.* v. *Hattaway,* 194 *Ga.* 15 (20 S. E. 2d 406); Code § 56-830. It follows that the trial court erred in overruling the general demurrer to the petition as amended, and all further proceedings were nugatory.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED SEPTEMBER 16, 1953—REHEARING DENIED NOVEMBER 6, 1953.

*MacDougald, Troutman, Sams & Schroder, Dan MacDougald, Jr.,* for plaintiff in error.

*J. Ralph McClelland, Jr.,* contra.