### 37958. COTTON STATES MUTUAL INSURANCE COMPANY v. BOATRIGHT.

TOWNSEND, Judge. 1. "A second insurance on the same property, unless by consent of the insurer, will void the policy." Code § 56-830. "The taking out of additional insurance on the same property, unless by consent of the insurer, renders the policy void as to the insured." *American Ins. Co.* v. *Hattaway*, 194 *Ga.* 15 (2) (20 S. E. 2d 406) ; *Northwestern Fire &c. Ins. Co.* v. *Peek*, 89 *Ga. App.* 105 (78 S. E. 2d 879). Further, where there is an express provision in the policy that the same should become void in the event the insured should thereafter, without first procuring the company's written consent to be indorsed upon or attached to the policy, take out additional insurance covering in whole or in part the same risk, the taking out of such additional insurance without the written consent of the company voids the policy under its express provisions. _Morris v. *Orient Ins. Co.*, 106 *Ga.* 472 (33 S. E. 430) ; *Beasley* v. *Phoenix Ins. Co.*, 140 *Ga.* 126 (78 S. E. 722) ; *Lippman* v. *Aetna Ins. Co.*, 108 *Ga.* 391 (33 S. E. 897, 75 Am. St. Rep. 62) ; *Sherrer* v. *Queen Ins. Co.*, 23 *Ga. App.* 674 (99 S. E. 139).

2. A provision in a policy of fire insurance as follows: "No provision shall be accepted or waived or any provision be valid unless granted herein or expressed in writing attached hereto" is valid and requires that a waiver by the insurance company of a policy provision shall be in writing. *Fire & Casualty Ins. Co.* v. *Fields*, 212 *Ga.* 814 (96 S. E. 2d 502). So far as waiver alone is concerned in this case, any waiver by the insurance company through its agent of the provisions of

this fire insurance policy that "unless otherwise provided in writing added thereto, other insurance covering any building which is covered under this policy is prohibited" would be ineffectual unless in writing. See *Beasley* v. *Phoenix Ins. Co.*, 140 *Ga.* 126, supra. It follows that an oral waiver of the policy provision here prohibiting the taking out of additional insurance by the insured on the building covered by the fire insurance policy in question, would, under the terms of the policy, be ineffectual.

3. However, the amended petition alleges that, prior to renewing the policy of fire insurance, the insured gave parol notice to the company's agent, Charles Darling, of the "other insurance" written on the property in question; that such agent notified the company of such other insurance; that with actual knowledge of these facts the company, by endorsement dated July 17, 1958, renewed and reissued the policy of fire insurance for a period from July 17, 1958, to July 17, 1959, and accepted a renewal premium for this period, and that the fire which caused the loss sued on took place on December 14, 1958, while such endorsement was in effect. Since Code § 56-830 does not require that the consent of the insurer to the taking out of additional insurance must be in writing, these facts, showing that the company with actual knowledge of the other insurance in force elected to reissue the policy and accept the premium thereon, are sufficient to show implied consent on the part of the insurer to the existence of the "other insurance", there being nothing on the face of this petition to indicate that the company objected to the additional insurance. *Swain* v. *Macon Fire Ins. Co.*, 102 *Ga.* 96 (1) (29 S. E. 147). And in *Greenwich Fire Ins. Co.* v. *Sabotnick*, 91 *Ga.* 717 (17 S. E. 1026) it was held as follows: "It is true that consent to additional insurance need not be expressed in writing or indorsed upon the face of the policy, notwithstanding such a stipulation as that contained in this policy. Notice of an intention to get the additional insurance and consent thereto by the agent of the company is, in the absence of fraud, sufficient to justify the insured in procuring such insurance. _Carrugi_ v. *The Atlantic Fire Insurance Co.*, 40 *Ga.* 135; *City Fire Ins. Co.* v. *Carrugi*, 41 *Ga.* 674. The insured, however, must see to it that the person to whom the notice is given or whose consent he relies upon is authorized to represent the company whose policy he

holds." Thus, the provisions of Code § 56-830 present no bar to recovery under the allegations of this case.

4. The only remaining question is whether the policy provisions themselves present a bar to recovery under the facts stated. It appears that the decision in *Greenwich Fire Ins. Co.* v. *Sabotnick*, 91 *Ga.* 717, supra, is in fundamental conflict with that of *Beasley* v. *Phoenix Ins. Co.*, 140 *Ga.* 126, supra, on the question of whether notice to a mere agent of the company of the acquisition of other insurance is sufficient, but we do not have that question before us because here actual notice on the part of the company is alleged. A further distinction between the policy sued on here and that in all of the above cited cases with the exception of the *Peek* case, is that, while the policy under consideration prohibits the acquisition of additional insurance, it does not in terms provide that acquisition of such insurance will void the policy. The reason why it might void the policy in any event would be that it might increase the risk, but as to this reason, of course, knowledge on the part of the company of such insurance and an election to renew the policy at the same rate would offer good argument for the conclusion that the company did not consider the additional insurance as an increase of risk in this case. The general rule is that if an insurance company intends for the violation of a policy provision to void the policy *ipso facto* it must so provide in the contract. "This results from the familiar rule that forfeitures are not favored, and that a contract will not be construed to work a forfeiture unless it is manifest that it was the intention of the parties that it should have that effect." *Southern Fire Ins. Co.* v. *Knight*, 111 *Ga.* 622, 624 (36 S. E. 821, 52 L. R. A. 70, 78 Am. St. Rep. 216). The conduct of the insurance company here in renewing the policy with knowledge of the additional insurance constituted a waiver of this policy provision except for the provision that no waiver would be effectual except in writing. It did, however, clearly constitute an estoppel. Judge Jenkins in *Sentinel Fire Ins. Co.* v. *McRoberts*, 50 *Ga. App.* 732, 738 (179 S. E. 256), in a lucid discussion of the distinctions between waiver and estoppel, refers specially to *Fireman's Fund Ins. Co.* v. *Hardin*, 40 *Ga. App.* 275 (149 S. E. 318), a case where the insured wrote the company that he considered he had complied with the proof of loss clause, but that the company, if it wished

further proof, should send him such blanks for execution as it saw fit. The company did not reply to the letter and later attempted to set up that the insured was precluded from recovery by failure to comply with policy provisions as to proofs of loss. Judge Jenkins stated: "The conduct of the defendant company was loosely referred to as 'waiver by estoppel.' In fact it constituted a technical equitable estoppel, since a person may be estopped by his silence, in certain cases, where it is his duty to speak, and where his failure to do so is calculated to cause another to believe in a certain state of things. . . Where estoppel exists, a consideration for the loss of some right or remedy claimed to be estopped is not required, for that element is either supplied or rendered unnecessary by the loss or detriment which would have been suffered, but for the estoppel, by the party claiming the estoppel."

The act of the insurance company in renewing the insurance policy with actual notice that other insurance had been taken out on the same property constitutes a technical equitable estoppel against the defendant to assert that its policy of insurance so issued is void. Accordingly, the trial court did not err in overruling the demurrers to the petition as renewed after amendment.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*
DECIDED OCTOBER 21, 1959.

*Sharpe & Sharpe, T. Ross Sharpe, T. Malone Sharpe,* for plaintiff in error.
*Wm. T. Darby, Nat O. Carter,* contra.