39193. SOUTH CAROLINA INSURANCE COMPANY
v. HUNNICUTT *et al.*

DECIDED JANUARY 9, 1962—REHEARING
DENIED JANUARY 29, 1962.

*Richardson, Jones & Doremus, Ogden Doremus,* for plaintiff in error.

*Spivey & Carlton, Milton A. Carlton, G. C. Dekle, Jr., Rountree & Rountree, W. E. Rountree,* contra.

JORDAN, Judge. ■ A provision in an automobile liability insurance policy that none of the terms of the policy shall be waived except by endorsement issued to form a part of the policy, and that no knowledge possessed by an agent shall effect a waiver or estop the company from asserting any right under the policy, is valid and binding. *Bailey v. First Nat. Fire Ins. Co.,* 18 Ga. App. 213 (89 SE 80); *Gulf Life Ins. Co. v. Yearta,* 63 Ga. App. 43 (10 SE2d 120). Thus, knowledge by the insurance agent that real estate has become vacant so as to come under an exclusion clause in the policy, coupled with the agent's promises to see that the building remains insured, coupled with the acceptance and retention of the whole premium by the insurer, is not sufficient to work a waiver or estoppel where the

insurance company does not in fact retain the premiums with knowledge that the building is in fact vacant. *Fire & Casualty Ins. Co. of Conn. v. Fields,* 212 Ga. 814 (96 SE2d 502).

In the instant case, proof that the insured, a mortician, informed the local agent of the insurance company that he wished to purchase and obtain insurance on a station wagon to be used by him for family purposes and also in his business as a mortician, both in connection with funerals and for ambulance service as an emergency vehicle, is not sufficient in and of itself to bind the insurance company issuing a "family combination automobile policy" or to constitute notice to it that the station wagon was intended for such use within the terms of the policy to be issued.

■ However, provisions in the policy of insurance requiring that all waivers shall be in writing do not apply where, as in the instant case, the insurer itself has knowledge of the facts creating the exclusion and, with such knowledge, accepts and retains increased premiums owed to it only in the event the exclusion is not effective. This amounts to an implied waiver of the provisions of such exclusion. *Harmon v. State Mutual Ins. Co.,* 202 Ga. 265 (42 SE2d 761); *Cotton States Mut. Ins. Co. v. Boatright,* 100 Ga. App. 493 (111 SE2d 645); *Sentinel Fire Ins. Co. v. McRoberts,* 50 Ga. App. 732, 738 (179 SE 256); *Fireman's Fund Ins. Co. v. Hardin,* 40 Ga. App. 275 (149 SE 318).

Accordingly, the plaintiff's contention that the increased premium did not affect the exclusion of use of the insured vehicle as a public livery or conveyance is, under the circumstances of this case, without merit. The company specifically charged the premium because the vehicle was to be used for "transporting passengers" and, to that extent it obviously and affirmatively estopped itself from insisting upon the terms of that exclusion. It contends, however, that the implicit permission to allow the use of transporting passengers is limited by its letter to its agent merely to "transporting passengers in a funeral" and did not extend to transporting passengers as an emergency ambulance. If this was the intent, it was obviously ineffective, since the company did not instruct its agent and the agent did not understand that he was supposed to put any such limitation on the use of

the station wagon by the insured. The company, with notice of a business use by the insured, increased the premium accordingly, and such endorsement on the policy, plus the acceptance of increased benefits by the company, estops it from relying upon a right which it would otherwise have had to insist upon the literal terms of the exclusion. Morticians in Georgia generally and regularly transport passengers in emergency ambulance service, and this is as much a business use as transporting passengers in funeral processions. By acceding to the use of transporting passengers in consideration of an increased premium without notifying the insured that it intended the transport to be restricted to only one part of the insured's business, the company estopped itself from relying upon the exclusion clause in its policy of insurance.

The plaintiff insurance company was therefore liable under the terms of the policy of automobile liability insurance issued to the insured Hunnicutt, and the trial court did not err in so ruling.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*

### ON MOTION FOR REHEARING.

JORDAN, Judge. It is contended by the plaintiff insurance company on motion for rehearing that the principle of law set out and followed by this court in the second division of the opinion is inapplicable to this case since notice of the business use of the insured's vehicle was not given to the company but only to its agent and that the letter referred to in the opinion was merely an exchange of correspondence between two agents of the company.

The record discloses, however, that the defendant Hunnicutt in paragraph 10 of his answer to the petition alleged that on July 1, 1958, R. J. Waller, Jr. (the writing agent) sent a report to the plaintiff insurance company showing that the policy of insurance had been written on the vehicle in question and showing that the insured's occupation was that of a mortician and that the vehicle would be used in his business. The plaintiff company in paragraph 8 of its answer to paragraph 10 of the defendant Hunnicutt's answer admitted that Waller sent said report to the company and that the company sent a letter to Waller requesting the rate change.

The pleadings therefore affirmatively show that such notice was given to the plaintiff and that the plaintiff wrote the letter to the writing agent after receipt of such notice. Since, as stated in the opinion, this case was decided by the trial judge by agreement of the parties on the pleadings, exhibits and depositions, the trial judge was fully authorized to find that the plaintiff company had such notice, and the motion for rehearing is accordingly without merit.

*Motion for rehearing denied. Nichols, P. J., and Frankum, J., concur.*