31560.  SWETT *v.* LIFE & CASUALTY INSURANCE CO. OF TENNESSEE *et al.*

DECIDED OCTOBER 1, 1947.

734

*Miller & Head,* for plaintiff.

*Carl Copeland, Herbert A. Ringel,* for defendants.

Townsend, J. (After stating the foregoing facts.) The only question before this court is whether the beneficiary should recover the face value of the policy ($5000) or one-fifth of the face value of the policy ($1000), as awarded in the verdict. This issue rests on whether the insurance company had sufficient notice of the insured entering the military service of the United States to constitute a waiver on its part of the war-risk clause of the policy and an estoppel from asserting it as a defense to this action.

The facts as set out above disclose that the insurance company issued to the insured a policy with double-indemnity clause, in the amount of $5000, for which they received a premium of $16.60 and that the deceased carried this policy until shortly after he became a member of the Army of the United States. They also disclose that while in the Army of the United States he made application to the insurance company for a change from a modified life-insurance policy with double indemnity to such a policy without double indemnity, and that the application for this change showed that the insured was at this time in the military service of the United States.

The insurance company with this application before it issued a new policy of modified life insurance without double indemnity and dated the new policy the date of the original policy. The new policy was issued over the signature of the president and the secretary of the insurance company. This would indicate that the proper officers of the company had notice of the military service of the insured.

This case is controlled by the ruling of the Supreme Court in *Harmon* v. *State Mutual Life Insurance Co., 202 Ga. 265.* In that case the Supreme Court by a unanimous decision ruled as follows: "Where a life-insurance policy provides for double indemnity in case of death by accident, for which an additional premium is charged, but further provides that the double-indemnity feature shall cease to be in force if the insured enters the military service, unless waived in writing by certain designated officers, and where the insured enters the military service and subsequently pays the premium, including the additional premium for double indemnity, which is accepted and retained by the company, when 'some officer or agent having authority to issue policies or to enter the "waiver" had actual knowledge' of the insured entering the military service; this would amount to an implied waiver, and the right to recover would not be dependent upon a written waiver by the designated officers of the company."

The application for the new policy shows on its face that Swett was in the United States Army at the time the same was made. By the terms of the policy this application is a part of the contract of insurance. The construction of the contract, being in writing is a question of law for the court, and therefore, the plaintiff in error had knowledge of the insured being a member of the military forces of the United States. This fact is shown by the pleadings and by the undisputed evidence, both of which show the insurance policy in question including the application for the same. It accepted the premiums after the insured had requested that his policy be changed from a modified life with double indemnity to a modified life without double indemnity and went so far as to issue him a new policy bearing the date of the original policy. This policy was issued over the signature of the president and the secretary of the insurance company.

Under the ruling in the *Harmon* case, supra, this amounts to an implied waiver of the war-risk clause, and the insurance company is estopped from asserting it as a defense to this action.

The trial court erred in directing a verdict in favor of the beneficiary for one-fifth of the face value of the policy.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*