38705.   DUNN *et al.* v. TRAVELERS
INDEMNITY COMPANY.

CARLISLE, Judge. 1.   The construction of a policy of insurance is for the court.   *Swett v. Life &c. Ins. Co. of Tennessee*, 75 Ga. App. 732, 735 (44 S. E. 2d 518).   Accordingly, where a policy of liability insurance issued to a named insured covering two described dump trucks carried the provision that the insurance company agreed with the insured, in consideration of the payment of the premium specified, and in reliance upon the statements in the declarations made a part of the policy, to provide bodily injury liability insurance arising out of the ownership maintenance or use of the trucks described, and where the occupation of the insured set forth in the declarations was that of "asphalt and gravel hauler," and where the purposes for which the automobile was to be used were "CL-7CA-Hauls for one concern—Wilkes Construction Company," and where the policy contained the further provi-

sion that "the term 'commercial' is defined as use principally in the business occupation of the named insured as stated in Item I, including occasional use for personal, pleasure, family and other business purposes," such policy covered the use of the vehicles while hauling for Wilkes Construction Co. and occasional use for other business purposes.

2. Where the evidence adduced upon the trial of the case showed that at the time of the injury in question the named insured had been using the insured vehicle in hauling for Wilkes County, Georgia, and not for Wilkes Construction Co. for some two and a fraction days and that he had hauled during that period about 40 loads of dirt, or soil, on a road construction project, and that the insured vehicle had not been used to haul for Wilkes Construction Co. for several days prior thereto, that the job he was working on for Wilkes Construction Co. had "played out," and there was no work to be done for that firm, such hauling for Wilkes County was not an occasional use for other business purposes as defined in the policy, so as to extend the coverage provided by the policy to that use. See Bankers &c. Ins. Co. v. Blackwell, 260 Ala. 463 (71 So. 2d 267, 270). The evidence showing such facts, the trial court did not err in entering a judgment and decree directing the jury to return a verdict for the plaintiff and in declaring that the policy did not afford coverage to the defendant Calloway while he was using said truck in hauling goods or materials for any person, or persons, companies or corporations other than Wilkes Construction Co., and that the defendant Dunn was not protected by such insurance on account of injuries arising out of such operation of the vehicle and that the plaintiff insurance company was not required to defend Calloway in a pending suit brought by Dunn to recover from Calloway on account of such injuries.

3. The defendant Calloway introduced no evidence to sustain his plea that the contract of insurance be reformed, and the trial court did not err, therefore, in overruling such plea.

4. The rulings above made dispose of the case, and it is unnecessary to consider the grounds of the motion for a new trial.

*Judgment affirmed. All the Judges concur, except Felton, C. J., Townsend, P. J., and Nichols, J., who dissent, and Eberhardt, J., not participating.*

DECIDED APRIL 27, 1961—REHEARING DENIED MAY 12, 1961.

*Walton Hardin, Robert E. Knox,* for plaintiffs in error.

*Harry L. Greene, Clement E. Sutton,* contra.

FELTON, Chief Judge, dissenting. Inasmuch as the answer of the defendant Calloway, as amended, seeks a reformation of the insurance policy which is the subject matter of the original action for a declaratory judgment, I think that the Supreme Court and not this court has jurisdiction of this case. I, therefore, dissent from the judgment in this case because I feel that the only proper judgment which this court can enter is one transferring it to the Supreme Court.

TOWNSEND, Presiding Judge, dissenting. Item 1 of the "Declarations" on the face of the policy states: "Occupation of the named insured is asphalt and gravel hauler." Item 3 describes the vehicle in question. Item 5 states: "The purposes for which the automobile is to be used are Wilkes Construction Co. CL-7CA-Hauls for one concern ('Pleasure and Business' unless otherwise stated herein; 'C' means 'Commercial'.) The policy specifies that the parties contract "in reliance upon the statements in the declarations" and that "By acceptance of this policy the named insured agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance."

None of the representations in the policy were untrue, for at the time the policy was taken out the insured was working for one company, Wilkes Construction Co. He never worked for more than one company at any given time. On June 5, 6, 7 and 9 (the collision occurred on June 9) he was not working for Wilkes Construction Co. but was working for Wilkes County. The truck in question, and described in the policy, was a dump-truck, and the insured was hauling dirt with it at that time.

There is nothing in the policy which states that coverage of

the named insured as to the named vehicle will be forfeited if the insured changes employment, nor is it stated that coverage is afforded only so long as the vehicle is used in the employment of the named employer. The term "pleasure and business" means, as defined in the policy, "personal, pleasure, family and business use. " The term "commercial" means "use principally in the business occupation of the named insured as stated in Item 1, including occasional use for personal, pleasure, family and other business purposes." From all of the policy construed together, I find nothing which would require as a matter of law the conclusion that the plaintiff's coverage as to the named vehicle would cease if that vehicle was not being used in the insured's employment by Wilkes Construction Company.

The evidence itself demands a finding that the coverage would not cease merely because the insured changed employers. While it is true that the company charged a higher rate if the vehicle was used in more than one employment, this would only result in the insured owing a larger premium, not in his coverage being voided, he having made no misrepresentations in obtaining the policy. Further, the insurance agent testified: "He was hauling for Wilkes Construction Company [when the policy was obtained], and that is the way it was written on the application. It wasn't restricted; it wouldn't be considered a restricted policy. It was a general policy so long as he was hauling for one concern. I don't remember in sending the policy to Mr. Calloway whether I made any indication to him that it provided anything other than general coverage. I just usually mailed them the policy." The insured testified: "Prior to the service of the suit . . . I had no indication of any nature that I had other than general coverage in my liability insurance policy." If the company issued the policy on the representation that the insured was hauling asphalt and gravel for a single company, which was true, and he suffered an accident while hauling dirt for a single company, although in the meantime he had changed employers, and there was nothing in the policy stating that coverage would cease if the insured changed employers, although using the truck for the same general purpose, then I do not think that this act rendered the policy void. This policy

covers the insured if a general policy for business and pleasure. If the "CL-7CA" designates "Commercial" which is supposed to be designated by "C", then it includes a principal use in the business occupation of the insured as stated in Item 1 (hauling asphalt and gravel) plus "occasional use for . . . other business purposes." The identity of the employer is nowhere made a determinative factor in ascertaining coverage. I therefore think the judgment of the trial court should be reversed.

I am authorized to say that Nichols, J., concurs in this dissent.